JAMES SULLIVAN *vs.* MANHATTAN MARKET COMPANY.

MARY SULLIVAN *vs.* SAME.

Suffolk.  December 4, 1924. — February 25, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Food. Negligence,* In manufacture of pie. *Evidence,* Presumptions and burden of proof.

One who sells pies which he manufactures from pie crust made by himself and filling bought from a large and reputable concern, which had been in the business of making pie fillings for many years and from which the filling came in wooden pails with tops nailed down, may be found liable for personal injuries caused to one who, at a boarding house, ate one of the pies which had been received from the manufacturer with the body of a mouse in it, if it appears that the manufacturer had made no inspection of the filling before he placed it in the pie and covered it with the crust preparatory to baking it.

TWO ACTIONS OF TORT, for personal injuries resulting from the eating of pie containing, through alleged negligence of the defendant, the "dead and decomposed body of a mouse." Writs dated March 6, 1922.

In the Superior Court, the action was tried before *Lawton,* J.  Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendant.  The plaintiffs alleged exceptions.

*B. J. Killion,* for the plaintiffs.

*J. H. Morson,* for the defendant.

SANDERSON, J.  These are two actions of tort to recover damages for injuries alleged to have been caused by the eating of food manufactured and sold by the defendant which, through the negligence of the defendant, its servants, agents, and employees, was suffered and permitted to contain deleterious and poisonous matter.  The answer is a general denial.  At the close of the evidence the trial judge, subject to the plaintiff's exception in each case, directed the jury to return a verdict for the defendant.  These exceptions present the only question for our consideration.  The plain-

tiff's exception to the admission of evidence, not having been argued, is treated as waived.

The plaintiffs, husband and wife, boarded with Delia Killeen who, through her agent, purchased of the defendant a raisin pie and served portions of it to the plaintiffs. Mary Sullivan ate the piece which was served to her. James Sullivan was eating his portion when he discovered in it the body of a mouse. Both plaintiffs were made ill.

Upon the testimony the jury could have found that the plaintiffs were suffering from ptomaine poisoning caused by this foreign substance in the pie. The defendant company maintained a bakery which is well lighted and in which seven to ten men were employed. It made the pie crusts and baked its own pies, but bought the filling, including that which went into the pie in question, from a large and reputable concern which had been in the business of making pie filling for many years. This filling came to the defendant in wooden pails with tops nailed down. The pails were kept in the defendant's storeroom until wanted and then were taken to the bakery and the contents used to fill the pies by men who worked under an electric light. The upper crust was then put on and the pie baked. The head baker testified that he made no inspection of the raisin pie filling and that he made none of any filling except when called to his attention. The jury could have found that the foreign substance was in the filling when the upper crust was placed on the pie; that this substance could have been discovered by a reasonable inspection of the filling either before it was put into the pie or by the defendant's employees if exercising reasonable care when making the pie.

The defendant was a manufacturer of a part of the pie and for that reason was responsible for the finished product. The tendency of courts is to hold the manufacturer of food to a high degree of care because of the serious consequences to human life likely to follow his negligence. *Newhall* v. *Ward Baking Co.* 240 Mass. 434. *Tonsman* v. *Greenglass,* 248 Mass. 275. "The sale of food dangerous to health and to life renders the manufacturer or the seller thereof liable to third persons not the direct purchasers for injuries received

by them from its consumption, if the manufacturer or seller was negligent in its preparation or output." *Richenbacher* v. *California Packing Corp.* 250 Mass. 198, 203. The case should have been submitted to the jury.

*Exceptions sustained.*