MARGARET O'BRIEN *vs.* LOUIS K. LIGGETT COMPANY.

Suffolk.    March 3, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Food. Negligence*, In sale of food, Res ipsa loquitur. *Evidence*, Presumptions and burden of proof.

At the trial of an action of tort for personal injuries caused by glass in strawberries and cream of strawberry shortcake served by the defendant to the plaintiff for consumption at a lunch counter maintained by the defendant, there was testimony that three parts of the shortcake, including the cake, crushed berries and whipped cream, were put together and served to the plaintiff at a counter by an employee of the defendant and that the glass which the plaintiff took into her mouth was in small pieces, one of which was V shaped and about a quarter of an inch long on its longest sides and very thin, very much like ordinary wine glass. Answers by the defendant to interrogatories propounded by the plaintiff, which were in evidence, stated in substance that the strawberries were purchased fresh by the defendant, were cleaned, crushed and had sugar added to them by an employee of the defendant without the use of glass or a glass container, and were examined as they were being cleaned and crushed; that the cream was purchased by the defendant in cans and was examined for glass as it was poured from the cans, was prepared and whipped by the defendants without the use of glass or glass containers, and, after being whipped, was placed in a glass receptacle. The judge refused to order a verdict for the defendant or to rule that "The fact, if it be a fact, that the shortcake furnished the plaintiff contained glass is not of itself evidence of negligence sufficient to warrant a finding for the plaintiff"; and instructed the jury in substance that the presence of the glass in the food in the absence of any other explanation of how it got there was some evidence that its presence was due to negligence on the part of the person preparing the food. The jury found for the plaintiff. The

defendant alleged exceptions. *Held,* that there was nothing in the record to show the source of the glass which injured the plaintiff or to warrant an inference that the harm to the plaintiff resulted from any failure of duty on the part of the defendant.

TORT for personal injuries resulting from glass in strawberry shortcake served to the plaintiff by the defendant at a lunch counter. Writ dated December 8, 1922.

In the Superior Court, the action was tried before *Broadhurst,* J. The plaintiff, her husband and her physician testified for the plaintiff, and she introduced interrogatories, which she had propounded to the defendant's general manager, and his answers thereto. Besides the testimony described in the opinion, the witness for the plaintiff testified that after the plaintiff bit upon the glass she took out a square piece of glass, "a little square piece," and showed it to the clerk "who took it but she did not know what he did with it"; that she "took glass from her mouth while she was in the store, one pretty large piece, and he [her husband] did not know how many small ones"; that the glass which was recovered after the plaintiff swallowed it was "about a quarter of an inch long on its longest sides, and it was very thin, very much like ordinary wine glass." The only evidence as to the sources and preparation of the component parts of the shortcake appeared in the answers to the interrogatories and was as follows: The cake was manufactured by Drake Cake Company and was examined by the defendant as it was cut. The strawberries were fresh, were cleaned, sorted and crushed and had sugar added to them by an employee of the defendant, no glass receptacle being used in the processes. In answer to the question, "what inspection, if any, was made of the prepared strawberries before they were used in the shortcake sold to the plaintiff," the defendant stated, "Strawberries were examined as they were cleaned and sorted." The cream was purchased by the defendant of H. P. Hood & Sons Company in cans and such inspection as was made of it when it was purchased "to see if it contained glass" was an examination "as it was poured out of the cans"; it was prepared and whipped by an employee of the defendant, usually in the morning, without the use of glass or glass

containers, and, after it was prepared, it was put in a glass container.

At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant asked, among others, for the following rulings:

"6. There is no evidence of negligence on the part of the defendant and the plaintiff cannot recover."

"14. The fact, if it be a fact, that the shortcake furnished the plaintiff contained glass is not of itself evidence of negligence sufficient to warrant a finding for the plaintiff."

The above requests were refused. The judge in his charge to the jury gave the following, among other, instructions: "It is for you gentlemen to say on all the evidence before you, on the testimony of Mr. and Mrs. O'Brien and the answers to these interrogatories here describing the manner in which these ingredients were received and prepared and contained in the portion of the strawberry shortcake, whether that indicates, assuming you find there was glass there, that its presence there when it was served to Mrs. O'Brien was in consequence of negligence on the part of somebody in the employ of the Liggett Company and charged with supervision over these ingredients and with the supervision and direction either of the clerk himself or somebody else, whether there was negligence on the part of that somebody in either permitting glass to get in or any failure in discovering its presence and eliminating it after it got there. . . .

"Now if there was glass in the shortcake, and if its presence there is not as a matter of fact, guesswork or conjecture but only is a matter of reasonable inference from affirmative evidence produced to account for its presence there; if it was there because of the negligence, as I have defined it, on the part of any employee of the defendant, then you come to the question of what the plaintiff should receive as compensation for the consequences of the injury she received."

At the close of the charge, after a conference, the judge gave further instructions to the jury, which included the instruction, "that in cases of this kind where the claim of the plaintiff is injury suffered from the presence in food of

something like glass or some foreign or deleterious substances, the presence of that in food in the absence of any explanation offered as to how it got there, is some evidence that its presence there was due to negligence on the part of the person preparing the food. Then if that is so, if the jury find that the explanation offered as to the preparation of the food for human consumption shows that high degree of care required of the person preparing it was exercised, it would overcome any inference that might be otherwise. It is for you gentlemen to say, upon all the evidence, including the presence, if in fact there was the presence of glass in the food (the explanation of it was a description of the process in the interrogatories) it was there without negligence on the part of the defendant."

There was a verdict for the plaintiff in the sum of $2,000. Before the verdict was recorded, the judge reserved leave with the consent of the jury to enter a verdict for the defendant under G. L. c. 231, § 120. The defendant alleged exceptions.

*W. B. Downey*, for the defendant.

*C. H. Cronin*, for the plaintiff.

PIERCE, J. As brought, this was an action in tort or contract to recover damages alleged to have been sustained by the plaintiff as a consequence of eating strawberry shortcake containing small particles of glass, served to her by the defendant or its agents or servants at one of its drug stores. The first count alleged in substance that the injury sustained by the plaintiff was suffered by reason of the "carelessness and negligence of the defendant, its agents or servants." The second count alleged an implied warranty that the cake served was wholesome and fit to eat and the breach of that warranty. The answer was a general denial and contributory negligence. At the conclusion of the evidence, the plaintiff waived the count in contract and elected to rely on the first count for negligence. The defendant thereupon moved for a directed verdict in its favor. This motion was denied and the defendant duly excepted. The jury returned a verdict for the plaintiff, and the case is here on the defendant's exception to the denial of its motion, and upon its exceptions

to the judge's giving and his refusal to give certain instructions.

The material facts offered and received in support of the case of the plaintiff in substance are as follows: On a Saturday the plaintiff and her husband entered the drug store of the defendant and purchased checks of the cashier, and at the counter the plaintiff ordered strawberry shortcake from the clerk. The strawberries and cream were in dishes in back of the clerk, who, when he received the order, turned around and made the shortcake right there, putting a layer of cake on the plate, then a layer of crushed strawberries, and then a layer of cream. The strawberries were fresh strawberries that had been crushed and were contained in one bowl, and the whipped cream was in another bowl. After the strawberry shortcakes were made up by the clerk, he passed one to the plaintiff and one to her husband. She took a spoonful of cream and strawberries from the top of the shortcake, but no cake, and put it in her mouth, and started to eat it. At the very first spoonful she felt some glass or some substance, she instantly felt something sharp, as she rolled it around in her mouth, like the point of a pin, and she swallowed it; she could not resist it going down. Her mouth and tongue were cut to such an extent they bled for two hours. When she felt the cuts she took a piece of glass out of her mouth and "hollered, 'There is glass in it,'" and spat it out. She then took pieces of glass from her mouth, "one pretty large piece," and a number of smaller pieces. She showed the "little square piece to the clerk and to her husband and put the other little piece on her plate." Under treatment by her physician, the piece of glass which she had swallowed was evacuated five days later. This piece of glass was V shaped, about a quarter of an inch long on its longest sides and was very thin, and very much like an ordinary wine glass.

The defendant introduced no testimony. Through answers to interrogatories propounded to the defendant by the plaintiff it appeared that the cream, the strawberries and the cake were purchased by the defendant of dealers in such articles, and, if the evidence shown by the answers were believed, it could have been found that the defendant exercised

a high degree of care in the inspection of the ingredients and in the preparation of the shortcake sold to the plaintiff or to her husband.    *Crocker* v. *Baltimore Dairy Lunch Co.* 214 Mass. 177.    *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86.

Putting to one side the evidence for the defendant deducible from its answers to the interrogatories, the question for decision is, Does the mere fact of the presence of small particles of glass in strawberries and cream offered for consumption by the defendant establish a *prima facie* case of negligence by the defendant in the examination of the strawberries and cream when they were received or while they were being prepared for food and offered to the plaintiff for her consumption?   There is nothing in the record to show the source of the glass which injured the plaintiff or to warrant an inference that the harm to the plaintiff resulted from any failure of duty on the part of the defendant.   The decision in this case is governed by *Ash* v. *Childs Dining Hall Co.*, *supra*, and does not fall within the class of cases of which *Tonsman* v. *Greenglass*, 248 Mass. 275, *Richenbacher* v. *California Packing Corp.* 250 Mass. 198, and *Sullivan* v. *Manhattan Market Co.* 251 Mass. 395, are examples.

*Exceptions sustained.*