## LOUIS BLANCHARD vs. MORRIS KRONICK.

Hampden. December 11, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Sale*, Warranty. *Negligence*, Of vendor, Res ipsa loquitur.

The first count of the declaration in an action of contract or tort contained an allegation of negligence on the part of the defendant; the second an allegation of breach of warranty by him. There was evidence at the trial that the plaintiff purchased of the defendant, a dealer in grain, cracked corn "for feed for the fowls"; that some of the plaintiff's fowls died after eating the corn; and that the corn contained poison. •The trial judge ordered a verdict for the defendant. *Held*, that

(1) There was no evidence of negligence on the part of the defendant: the doctrine of *res ipsa loquitur* was not applicable;

(2) A verdict for the plaintiff would have been warranted under the second count: the evidence justified a finding that there had been a breach by the defendant of an implied warranty, under G. L. c. 106, § 17 (1), that the corn was reasonably fit for the purpose of being fed to the fowls;

(3) The ordering of the verdict was erroneous.

CONTRACT OR TORT. Writ dated January 21, 1924.

The declaration, and material evidence at the trial in the Superior Court before *Lawton*, J., are described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

J. E. Kerigan, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

FIELD, J. This is an action of tort or contract to recover damages for the loss of fowls alleged to have died

from the effects of eating grain containing poison, purchased from the defendant. The first count of the declaration was for negligence; the second count for breach of implied warranty. The case was tried by a judge and a jury. On motion of the defendant a verdict for him was directed, and the plaintiff excepted.

There was testimony tending to show that the plaintiff ordered by telephone from the defendant, who conducted a grain store, "two bags of cracked corn for feed for the fowls"; that the corn was delivered at the plaintiff's farm; that some of it was fed to chickens and ducks and they died, and that analysis by a chemist showed that the cracked corn "contained a highly poisonous and deadly substance, to wit: Paris Green."

A verdict for the plaintiff on the first count of the declaration would not have been warranted, for there was no evidence of negligence. Evidence that the cracked corn contained paris green is not sufficient to prove that the defendant was negligent. This is not a case for the application of *res ipsa loquitur*. *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86. *O'Brien* v. *Louis K. Liggett Co.* 255 Mass. 553.

The evidence would have warranted a verdict for the plaintiff on the second count of the declaration. There was ample evidence of a sale of cracked corn to the plaintiff by the defendant, a dealer in grain. By § 17 (1) of the sales act, G. L. c. 106, it is provided that "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose." The testimony, if believed, warranted the finding that the plaintiff made known to the defendant the particular purpose for which the cracked corn was required, namely, "feed for the fowls," and relied on the defendant's skill or judgment, and consequently that there was an implied warranty that the grain was reasonably fit for that purpose. Reliance upon the defendant's skill or

judgment could be inferred at least as readily from the evidence here as from that in *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90. The testimony warranted the finding, also, that there was a breach of this warranty. It was error, therefore, to direct a verdict for the defendant.

*Exceptions sustained.*