MARGARET O'BRIEN *vs.* LOUIS K. LIGGETT COMPANY.

Suffolk.    January 10, 1933. — March 30, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Food. Negligence*, In sale of food. *Evidence*, Presumptions and burden of proof.

At the trial of an action against the proprietor of a lunch counter for personal injuries caused by the presence of glass in the strawberries and cream of shortcake sold to the plaintiff, a finding that the defendant was negligent was warranted by evidence that the defendant purchased the cake, the cream and the strawberries from separate dealers and prepared the shortcake on his premises; that there was no glass in the strawberries or the cream before they were taken from the receptacles in which they were kept on the defendant's premises pending the preparation of the shortcake; that such preparation was done in close proximity to receptacles into which were dumped the rubbish, including broken glass, from the lunch counter, and to a wooden platform upon which glasses were left to dry after they had been washed; and that glasses used at the counter at the time of the plaintiff's injuries were made of thin glass similar to that found in the plaintiff's shortcake: inferences were warranted that one or more of the thin glasses became broken, that the pieces fell into or upon the whipped cream or crushed strawberries used in making the shortcake sold to the plaintiff, and that the employee of the defendant who served the plaintiff was careless in his examination thereof.

TORT.    Writ dated December 8, 1922.

The action previously was before this court upon exceptions by the defendant after a verdict for the plaintiff, which were sustained in a decision reported in 255 Mass. 553.

The action was tried again before *Collins*, J. Material evidence is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $2,000 was recorded. The judge thereafter ordered

entered a verdict for the defendant, and reported the action for determination by this court.

C. H. Cronin, for the plaintiff.

G. S. Lowden, for the defendant.

PIERCE, J.   This is an action of tort to recover for personal injuries alleged to have been caused by glass in strawberries and cream of shortcake, prepared by the defendant, and sold to the plaintiff for consumption at a lunch counter maintained by the defendant.   The action originally was tried to a jury in the Superior Court in 1925, and there was a verdict for the plaintiff.   The case then came before this court on the exceptions of the defendant to the refusal of the judge to direct a verdict in its favor.   The exceptions were sustained, the decision being reported in 255 Mass. 553.   The reason for the judgment is summarized in these words: "There is nothing in the record to show the source of the glass which injured the plaintiff or to warrant an inference that the harm to the plaintiff resulted from any failure of duty on the part of the defendant."

After rescript the case came on for a second trial to a jury in 1932.   The defendant introduced no evidence, the jury returned a verdict for the plaintiff in the sum of $2,000, and leave was reserved under G. L. (Ter. Ed.) c. 231, § 120, to order a verdict to be entered for the defendant.   The defendant filed a motion for a new trial and a motion that a verdict for the defendant be entered in accordance with said reservation.   The judge denied the motion for a new trial, and ordered that a verdict be entered for the defendant; he reported the case to this court upon a stipulation "that if I was right in directing a verdict for the defendant under the leave reserved, judgment is to be entered for the defendant, otherwise judgment is to be entered for the plaintiff on the verdict."   The case is before this court in accordance with the above ruling.

On this report two questions are presented: (1) Are the material facts in the second trial in substance the same as were before this court in the case reported in 255 Mass. 553? and (2) If additional facts, not merely corroborative, were presented at the second trial to the jury, did such

facts standing alone or with the facts shown by the record of the first trial require a submission of the issue of the defendant's negligence to the jury?

Additional, noncorroborative evidence was introduced at the second trial to show the source of the glass which injured the plaintiff, and as tending to prove that the harm to the plaintiff resulted from a lack of care in the preparation of the shortcake. The evidence was in substance as follows: The cake was manufactured by the Drake Cake Company. The cream was purchased by the defendant of H. P. Hood & Sons, Inc., was delivered in cans, and kept in an ice chest in the basement. The strawberries were kept in the ice chest. The basement room was twenty-five to thirty feet long by six to eight feet wide. One corner of the basement was "used . . . for whipping cream, storing ice, storing supplies, washing glasses and things of that nature. . . . In this corner . . . there were the ice chopper, the sink where glasses were originally washed and some machinery for making up soda water, tonics and everything used in connection with the soda fountain. . . . In this place the cream was beaten up and the strawberries prepared and the rubbish from the fountain kept. The rubbish was taken down [to the basement] from the fountain in cans and small buckets and dumped into ash barrels. The broken glass that was broken in the store was kept in this same place." Glasses used the night of the accident at the counter were made of thin glass, "like wine glass" "about as thin as the pieces of glass that . . . [the plaintiff] took out of . . . [her] mouth." The ice chest was opposite the sink. Beside the sink was a wooden ribbed platform on which the glasses were left to dry after they were washed. The barrels in which the rubbish and broken glass were kept were beside the ice chest. When whipped cream was needed some one of the clerks at the soda fountain went down to the refrigerator and got the cream and whipped it. When strawberries were needed a clerk took them out of the ice chest, and if they were not already hulled and sorted would prepare them. The cream was beaten in the section between the sink on one side and the refrigerator and garbage cans

on the other side. The berries were hulled by some one who would sit on a chair in this space, and within the same space the cream was beaten, by hand, by some one who would sit on a box. After the strawberries were prepared and hulled and the cream was whipped they were sent upstairs. The crushed strawberries were kept in a bowl of glass, larger than an ordinary sugar bowl, on the counter where the customers were served. Ordinarily, the bowl had a cover on it, but it is not certain whether it was covered or not on the night of the accident. The whipped cream also was always kept on a lower level, on that part of the shelf which was near the ice cream cover, three or four feet from the sinks and within two or three feet of the plunger where the glasses were washed. It is uncertain on the evidence whether the whipped cream bowl had or had not a cover on it the night of the accident. Glasses were used at the counter to serve drinks and water. On the night of the accident there were different sizes of glasses, "some were thick and others 'exceptionally thin.'" The glasses were washed at the soda fountain or at the sink two or three feet away from the container that held the whipped cream.

It is plain on the above facts that the jury would have been warranted in finding that no pieces of glass were in the strawberries before they were prepared in the basement and there was no piece of glass in the cream when it was taken from the ice chest. It is evident that both strawberries and cream in the process of preparing them for use with the cake came into proximity with glass not unlike the pieces of glass which were in the strawberry shortcake when served to the plaintiff. In the circumstances disclosed it would not be an unwarranted inference that some one or more of the "exceptionally thin" glasses in some manner became broken or shattered and that pieces therefrom fell into or upon that cake. If such was found to be the fact, it would be a reasonable inference that the clerk who served the cake was negligent in his examination of the cake, strawberries or whipped cream, and would warrant a further finding that an examination would have

disclosed the pieces of glass in the whipped cream or crushed strawberries. The case falls within *Richenbacher* v. *California Packing Corp.* 250 Mass. 198, *Tonsman* v. *Greenglass*, 248 Mass. 275, *Sullivan* v. *Manhattan Market Co.* 251 Mass. 395.

No evidence was offered by the defendant. We think the case should have been submitted to the jury. It follows, in accord with the stipulation, that judgment should be entered for the plaintiff on the verdict, and it is

*So ordered.*