ETTA A. SCHULER, administratrix, *vs.* THE UNION NEWS
COMPANY.

Essex.    March 3, July 31, 1936. — September 9, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Food.    Sale,* Of food, Warranty.    *Proximate Cause.    Actionable Tort.*
*Notice.    Negligence,* In sale of food, Violation of law.

Evidence that a customer of a restaurant ate a turkey sandwich that
"tasted bad," soon became sick, and finally died, with expert opinion
evidence that the symptoms indicated food poisoning which probably
resulted from eating the sandwich, warranted a finding that the sand-
wich was unfit for food and was the cause of the sickness and death.

An action of tort lies against the proprietor of a restaurant for breach of
an implied warranty of fitness of food sold by him for consumption on
the premises.

The notice required by G. L. (Ter. Ed.) c. 106, § 38, must be given to the
proprietor of a restaurant before an action can be maintained against
him for breach of an implied warranty of fitness of the food sold in
the restaurant for immediate consumption.

Evidence that one who had eaten unfit food in a restaurant died after a
serious illness of ten days following eating the food, that no adminis-
trator was appointed for about seven months, and that the adminis-
trator gave a notice under G. L. (Ter. Ed.) c. 106, § 38, immediately
upon his appointment, warranted a finding that the notice was given
within a reasonable time.

A mere violation of G. L. (Ter. Ed.) c. 94, § 150, by the proprietor of a
restaurant in a sale of unfit food to a customer was sufficient evidence
of the proprietor's negligence to require submission to the jury of an
action against him under G. L. (Ter. Ed.) c. 229, § 5, for the customer's
death through food poisoning.

TORT by the administratrix of the estate of John W.
Schuler.    Writ in the Superior Court dated May 17, 1932.

The action was tried before *Fosdick,* J., who, subject to
the plaintiff's exceptions, ordered verdicts for the defendant
on the first and second counts of the declaration.    A verdict
for the plaintiff in the sum of $3,500 on the third count was
recorded subject to leave reserved.    A motion by the de-
fendant that a verdict in its favor on this count be entered
was denied.    Both parties alleged exceptions.

*J. F. Cavanagh*, for the defendant.

*J. W. Sullivan*, (*J. F. Doyle* with him,) for the plaintiff.

LUMMUS, J. The evidence warranted a finding of the following facts. John W. Schuler, the plaintiff's husband and intestate, ate breakfast with the plaintiff on July 3, 1931. Both ate the same food. He ate nothing more until between half past four and five o'clock in the afternoon, when they had a lunch in the defendant's restaurant in the South Station in Boston for which the husband paid. He had a turkey sandwich and coffee, while his wife had griddle cakes. In about fifteen minutes he said that he felt sick, but he showed no symptoms at that time. At half past six o'clock they took a train for Niagara Falls. About half past eight o'clock the husband complained of pain in his stomach. He became pale, his expression changed, he appeared to be in pain, and he had to go to the toilet. He got up during the night and was distressed. In the morning they met relatives at Victoria Park on the Canadian side of Niagara Falls. He told his brother there that he had eaten a turkey sandwich that tasted bad and that had made him sick. His wife noticed that he could not walk across the street. He ate nothing that day, and was in pain. They came back to Boston on a train during the evening and night of July 4, 1931. He appeared very weak, and kept going to the toilet. During the following days he was in terrible pain, was vomiting, and had diarrhoea. He had a temperature of one hundred two degrees Fahrenheit. Physicians were called in, but were unable to prevent his death, which occurred at one o'clock in the morning on July 13, 1931.

The food in question tasted bad, a circumstance present in the cases cited in *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548, 551, though absent in that case. The attending physician testified that the symptoms were those of food poisoning, and that in his opinion the deceased was made sick by the last food that he ate on the afternoon of July 3, 1931, which was the turkey sandwich. An expert on pathology and bacteriology, with extensive experience in food poisons, testified that the period of incubation in cases of food poisoning is from two to twelve hours, usually

about six hours, and that in this case food eaten during the afternoon of July 3, 1931, was probably the cause of sickness. We think that a finding that the turkey sandwich was unfit for food, and was the cause of the sickness, was warranted by the evidence. Evidence for the defendant tended to show, it is true, that a turkey sandwich served on the day in question must have been made of turkey from one of several barrels of turkeys bought of a reputable dealer; that sample barrels were opened and the turkeys in them inspected; that the turkeys were kept, cooked, and served with great care; that on July 3, 1931, more than three hundred turkey sandwiches were sold; that except in the present instance no complaint resulted; and that during the year 1931 no complaint resulted from the serving of any turkey sandwich. See *Landfield* v. *Albiani Lunch Co.* 268 Mass. 528; *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548, 550. But this evidence, if believed, does not wholly exclude the possibility of infection of the particular sandwich or of the turkey from which it was made. Moreover, the jury were not bound to believe it.

The plaintiff as administratrix brought this action of tort on May 17, 1932. The first count is under G. L. (Ter. Ed.) c. 229, §§ 5, 6, for negligently causing death. The judge directed a verdict for the defendant upon this count, subject to the plaintiff's exception. The second count, which is for negligence resulting in conscious suffering, is not important to the plaintiff if she can hold her verdict on the third count upon which damages for conscious suffering were assessed. But she nevertheless has excepted to the direction of a verdict for the defendant on this second count. The third count is upon an implied warranty that the turkey sandwich was fit for food. The motion of the defendant for a directed verdict in its favor on the third count was denied, subject to its exception, and the jury returned a verdict for the plaintiff upon this count for $3,500. There were also other exceptions of the defendant, but they require no special discussion.

The third count for breach of warranty was properly in-

cluded in the declaration in an action of tort. An action of tort, as well as an action of contract, may be maintained upon a false warranty. This was definitely laid down by Chief Justice Shaw in *Norton* v. *Doherty*, 3 Gray, 372, where a judgment for the defendant in such an action of tort was held to bar a later action of contract upon the same warranty. In *Farrell* v. *Manhattan Market Co.* 198 Mass. 271, 274, the cases allowing recovery in tort were cited, and it was assumed that they were still law, as we think they are. *Schuchardt* v. *Allens*, 1 Wall. 359. *Shippen* v. *Bowen*, 122 U. S. 575. *Frederic L. Grant Shoe Co.* v. *W. M. Laird Co.* 212 U. S. 445, 449. Williston, Contracts, §§ 1505–1507, Williston, Sales (2d ed.) §§ 194–197. The sales act did not change this rule, and *Reinherz* v. *American Piano Co.* 254 Mass. 411, 421, does not decide that it did. The case of *DePasquale* v. *Bradlee & McIntosh Co.* 258 Mass. 483, went to the jury on counts for actually fraudulent misrepresentations, not on counts for breach of warranty.

In *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65, it was held that a warranty of fitness for food arises out of the contract of a restaurant keeper in serving food to his guests, whether the transaction be regarded as a sale within the sales act, G. L. (Ter. Ed.) c. 106, § 17 (1), which it was held to be in *Temple* v. *Keeler*, 238 N. Y. 344, or as an "uttering" of the food entitling the guest to eat it but not to carry it away, as it was held to be in *Kenney* v. *Wong Len*, 81 N. H: 427, 436, and *F. W. Woolworth Co.* v. *Wilson*, 74 Fed. (2d) 439. The case is unlike *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86, and *O'Brien* v. *Louis K. Liggett Co.* 255 Mass. 553, where the plaintiff relied on negligence and not on breach of warranty. See also *Roberts* v. *Anheuser Busch Brewing Association*, 211 Mass. 449. But there is now no doubt, under our decisions, that the transaction amounted to a sale covered by the sales act, at least as to the food actually consumed. *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65, 68, 69. *Smith* v. *Gerrish*, 256 Mass. 183, 186. *Merrymount Co.* v. *Edwardes*, 263 Mass. 282, 284. *Temple* v. *Keeler*, 238 N. Y. 344, 347. *Brevoort Hotel Co.* v. *Ames*,

360 Ill. 485. All the elements of a warranty of fitness for food, and of a breach of such a warranty, could be found upon the evidence. *Holt* v. *Mann*, 294 Mass. 21.

The question then arises, whether notice of the breach of warranty must be given by the buyer to the seller "within a reasonable time after the buyer knows, or ought to know of such breach," under G. L. (Ter. Ed.) c. 106, § 38. It has been held by a court of intermediate appeal in New York that the statutory requirement of notice does not apply to a sale of food at retail for immediate human consumption. *Kennedy* v. *F. W. Woolworth Co.* 205 App. Div. (N. Y.) 648. Nevertheless we are of opinion that the statutory requirement of notice applies. But there was evidence of sufficient notice. It could be found reasonable for the deceased to omit to give notice during the ten days of suffering during which he lived. After his death there was no one entitled to give notice until the plaintiff was appointed administratrix on February 18, 1932. Notice was given on the following day. See 71 Am. L. R. 1149, 1152; 1 Uniform Laws, Annotated, 289, for a collection of cases.

Since the verdict for the plaintiff on the third count stands, her exception to the direction of a verdict for the defendant on the second count becomes immaterial. We treat it as waived.

The remaining question is whether there was sufficient evidence of negligence to take the case to the jury on the first count for death. There was no readily discoverable foreign matter in the food, as in *Sullivan* v. *Manhattan Market Co.* 251 Mass. 395, and *Doyle* v. *Continental Baking Co.* 262 Mass. 516. There was no evidence of specific lack of care, as in *O'Brien* v. *Louis K. Liggett Co.* 282 Mass. 438. We find no evidence of negligence apart from a violation of G. L. (Ter. Ed.) c. 94, § 150. That statute makes it a criminal offence to sell "for food or drink" any "tainted, diseased, corrupt, decayed or unwholesome carcass, meat, vegetable, produce, fruit or provisions of any kind," with an exception immaterial to this case, "without making the condition of the thing sold . . . fully known to the buyer." Knowledge on the part of the seller of the condition of the

food sold is not a necessary element of the crime. *Holt* v. *Mann*, 294 Mass. 21. "A violation of a penal statute is evidence of negligence, as to all consequences that the statute was intended to prevent, without condition or qualification." *Baggs* v. *Hirschfield*, 293 Mass. 1, 4, and cases cited. Therefore there was error in directing a verdict for the defendant on the first count for death.

> *Defendant's exceptions overruled.*
> *Plaintiff's exceptions sustained.*