Henohey, J.
In this action of tort the plaintiff seeks to recover damages for injuries sustained by reason of biting into a foreign substance in food furnished the plaintiff by the defendant.
The declaration, being pertinent to the issues involved, is as follows:
“And now comes the plaintiff and says that the defendant is a corporation duly established by law and conducts restaurants, selling food to customers to be consumed on the premises of its places of business; that on or about June 24, 1938, while the plaintiff was a customer of the defendant’s company eating in a restaurant of said defendant located on Concord Street in said Framingham, and while lawfully on said premises, and while in the exercise of due care, he was injured by reason of a foreign substance contained in food that he had purchased from the defendant while eating the same; that he could not see said foreign substance and had no knowledge of its presence in said food; that it was the duty of the defendant com *238 pany to provide food that is safe for customers to eat, and fit for human consumption, but that unmindful of its duty the defendant by its servants and agents, carelessly and negligently permitted said foreign substance to get into said food. And the plaintiff says that by reason of said injury he has been put to great expense for medicine, medical attendance, and nursing, and was prevented from transacting his usual occupation, and suffered great pain both of body and mind, all to his damage as alleged in his writ.”
The defendant’s answer is a general denial and an allegation of contributory negligence.
At the trial, there was evidence tending to show that on June 24, 1938, the plaintiff entered a restaurant in Framingham, owned and controlled by the defendant. He requested and received from the counter-man, who was serving him, an order of baked, stuffed haddock. He then left the counter and went to a table and started to eat the food. While eating some of the stuffing, he felt something in his mouth, and pulled out a paper clip which he had not before seen' in the food. He then went over to the counter and talked to the defendant’s employees, informing them that he had found the paper clip in the stuffing and that he thought it might be necessary for him to see a dentist.
The paper clip was offered in evidence. It consisted of a piece of wire about one-sixteenth of an inch in diameter and one and one-quarter inches long, and was so bent as to serve the purpose of a paper clip.
There was evidence that the plaintiff’s gum was cut and that.it bled;.that he was treated by a dentist who testified he found a slight cut and that he treated the plaintiff from ten to twelve times!
It was admitted for the purposes- of the trial that the restaurant in question was owned, controlled and operated by the defendant. The defendant offered no evidence as to where, how or by whom the food purchased by the plaintiff was prepared or supervised.
*239 At the close of the evidence and before final arguments, the defendant made the following requests for rulings, (which were treated as indicated):
1. There is insufficient evidence to support a finding that the defendant was negligent. (Refused.)
2. The fact, if it be a fact, that the food furnished the plaintiff contained a paper clip is not in and of itself sufficient evidence to support a finding that the defendant was negligent. (Allowed.)
3. The fact, if it be a fact, that a deleterious foreign substance was in the food offered by (?) the plaintiff to (?) the defendant does not establish a prima facie case of negligence of the defendant. (Allowed.)
4. There is insufficient evidence to support a finding that the food offered to the plaintiff was prepared by the defendant. (Refused.)
5. The plaintiff is not entitled to recover for breach of an implied warranty of fitness in an action of tort for negligence. (Refused, as both false warranty and negligence are found.)
6. The plaintiff must prove by a fair preponderance of the evidence that the paper clip which was in the food furnished by the defendant was there by reason of the negligence of the defendant, its agents, servants or employees. (Allowed.)
The Court found for the plaintiff in the amount of one hundred and fifty (150.00) dollars. The defendant claims to have been aggrieved by the Court’s rulings and refusals to rule. The case was reported to the Appellate Division. The report states that it contains “all the facts pertinent to the issues raised.”
Liability for injuries arising from the preparation and sale of food and drugs, unfit for human consumption has been the subject matter of decided cases from the earliest *240 days of our Supreme Judicial Court. At the present time the law on this subject, though voluminous, is fairly well settled.
In the sale of goods, as in all other sales, the doctrine of “caveat emptor” applies. However, there are some very important limitations to this rule. Where there is no implied condition of soundness, a seller is not liable unless he actually knows the food sold is not fit for human consumption, as where food is sold by one not a dealer. Even where one is a dealer in foods, there is no implied condition that the food sold shall be fit for human consumption if the buyer selects the food himself or asks for a particular brand and does not rely on the seller’s judgment in selecting the food. In such case, by offering the food for sale, the seller merely represents that he believes the food to be wholesome, and would be liable only where he actually knows that the goods sold are unwholesome, and this must be alleged in the plaintiff’s declaration. However, if the sale of food is by a dealer and the selection of the food is left to him, it is an implied condition of the sale that the food sold shall be fit for human consumption. In such a case, it is held that the buyer makes known to the seller the purpose for which he purchases the food and relies upon the seller’s judgment in selecting food suitable for consumption. Farrell v. Manhattan Market Co., 198 Mass. 271.
If we have a sale of food by one who is a dealer and where the buyer makes known to the seller, expressly or by implication, the particular purpose for which the goods are required, and relies upon the seller’s skill and judgment in selecting the food, and it develops that the food was unfit for human consumption, the buyer has a selection of remedies. Norton v. Doherty, 3 Gray 372. He may sue in an action of contract for a breach of the implied warranty of fitness*. Gearing v. Berkson, 223 Mass. 257. The Sales *241 Act, (Gen. Laws [Ter. Ed.] Chap. 106, Sec. 17) is merely declaratory of the common law in this matter. There is some doubt whether the sale of food to be consumed upon the premises constitutes such a sale. See Friend v. Childs Dining Hall Co., 231 Mass. 65. Let us for the moment assume that such a sale is governed by the Sales Act. See Schuller Admx. v. The Union News, Mass. 1936 A. S. 1273. In such a case an injured buyer may sue under the Sales Act, first of course complying with the provisions as to notice. Gen. Laws (Ter. Ed.) Chap. 106, Sec. 38. It seems that in such a case, even apart from the Sales Act, the buyer may sue, in a contract action, for breach of the implied condition of the sale. Friend v. Childs Dining Hall Co., 231 Mass. 65. Blanchard v. Kronich, 269 Mass. 464. Jamrog v. H. L. Handy Co., 284 Mass. 195. Smith v. Denholm and McKay Co., 288 Mass. 234.
There is also authority for the proposition that a buyer may sue in an action of tort for false warranty as well as in an action of contract. The buyer has an election of remedies. This was the law before the enactment of the Sales Act. Norton v. Doherty, 3 Gray 372. Farrell v. Manhattan Market Co., 198 Mass. 271. The Sales Act did not change this rule. Schuller, Admx. v. The Union News Co., 1936 A. S. 1273. Such an action in tort lies even though the seller has no actual knowledge that the goods sold are unfit for the use intended. Norton v. Doherty, 3 Gray 372. Roberts v. Anheuser-Busch Brewing Ass’n, 211 Mass. 449. Of course an action in tort for deceit lies, in such a case, where the seller has actual knowledge of the defect. In that case the buyer must allege such knowledge and his forebearance in his declaration. Parker v. Moulton, 114 Mass. 99.
In addition to the remedies outlined above, a seller is liable in an action of tort for his negligence in selling food *242 unfit for human consumption, which food causes injury to a person. Farrell v. Manhattan Market Co., 198 Mass. 271. In such a case, proof of the breach of warranty is not sufficient to maintain the action, the buyer must prove negligence on the part of the seller. Crocker v. Baltimore Dairy Lunch Co., 214 Mass. 177. Gearing v. Berkson, 223 Mass. 257. Friend v. Childs Dining Hall Co., 231 Mass. 65. It has been said that there is a duty on one who maintains a restaurant to use due care to furnish wholesome food fit to eat, and that a failure in this respect which results in injury, is the foundation of an action in tort for negligence. Wilson v. Ferguson Co., 214 Mass. 265. Ash v. Childs Dining Hall Co., 231 Mass. 66.
' In the instant case the plaintiff elected to sue in tort for negligence. Our only question is: Does the evidence warrant a finding of negligence on the part of the defendant? If it does, the finding of the trial judge must be sustained. Barringer v. Ocean Steamship Co. of Savannah, 240 Mass. 405. Castano v. Leone, 278 Mass. 429. If, as matter of law, it does not, then the trial Court’s denial of Bequests numbered 1 and 4 was improper, for these requests, especially Bequest numbered 1, were properly framed so as to raise this question as a question of law.
It is agreed that the doctrine of “res ipsa loquitur” has no application in these cases. Blanchard v. Kronich, 269 Mass. 464. Bergantino v. General Baking Co., Mass. 1937 A. S. 1131. It is also true that the mere fact that one suffers injury is no proof of negligence of the defendant. Ash v. Childs Dining Hall Co., 231 Mass. 66. Fhrther, we can agree that the mere presence of a foreign substance in food is not in and of itself, standing alone, evidence of negligence on the part of the seller. O’Brien v. Louis K. Liggett Co., 255 Mass. 553. Nor, in the instant case, can we rely for proof of negligence upon the violation of Gen. *243 Laws (Ter. Ed.) Chap. 94, Sec. 150, which makes it a criminal offense to sell unwholesome food without making known to the buyer the condition of the food sold. For there is genuine doubt whether this statute applies to foods unfit because of the fact that they contain foreign substances not due to any condition of the foods themselves. See Flynn v. First National Stores, Inc., Mass. 1937 A. S. 247.
However, there can be no doubt that there is a growing tendency in our Courts to hold those who offer food for sale to a high degree of care because of the serious consequences to human life likely to follow from their negligence. See Sullivan v. Manhattan Market Co., 251 Mass. 395 at 396.
It is our opinion that the Court was in error in its refusal to grant defendant’s request number 1. What is required of the plaintiff in proving negligence may be seen from a comparison of the two opinions in the case of O’Brien vs. Louis K. Liggett Co., the first in 255 Mass. 553, and the second in 282 Mass. 438. The instant case most nearly resembles the first O’Brien case. Indeed there is not such a difference between the instant case and the first O’Brien case as would warrant different results. In the O’Brien case, the foreign substance was glass, (“one large piece,” “a number of smaller pieces,” “another piece one-quarter inch long, very thin and v-shaped.”) The only other evidence in the case was that the food was prepared by the defendant’s servant and that the plaintiff was cut while eating the food. On this state of the evidence, the Court held that the plaintiff could not prevail as there was nothing to show the source of the glass or to warrant an inference that the harm to the plaintiff resulted from any failure of duty on the defendant’s part, and that the mere presence of glass in the shortcake did not establish a prima facie case of negligence. So also in the instant case the Court, after having granted the de *244 fendant’s requests number 2 and 3, should have also granted defendant’s request number 1, for, assuming, in the plaintiff’s favor, that the food was prepared by the defendant’s servants, yet there is no evidence of the source of the paper clip and thus no evidence which would warrant an inference that the harm to the plaintiff “resulted from any failure of duty on the defendant’s part.” O’Brien v. Louis K. Liggett Co., 255 Mass. 553. The paper clip in the instant case was no more easily discoverable than the glass in the O’Brien case. The second O’Brien case indicates what additional facts must be shown in order that an inference of negligence may be warranted from the presence of glass in a strawberry shortcake. Not one of those additional facts is present in the instant case.
In reaching this result, while we have considered carefully the opinion in Ash vs. Childs Dining Hall Co., 231 Mass. 86, we are not concluded by that decision. Since the date of that opinion, the tendency of the law has been towards a more strict requirement of care on those who serve food for human consumption. Then again the Ash case may be limited to the peculiar facts there involved, namely, a very small tack imbedded in a blueberry, both of similar size, shape and color, and one hard to discover in the midst of the others, even after the most minute and careful examination. No such considerations apply in the instant case.
It is a close question. Negligence may be difficult to prove in these cases. However, the injured person is not without redress for an action for breach of the implied warranty will lie and in such an action no negligence need be proved.
There was prejudicial error in the Court’s refusal to grant the defendant’s request number 1. The finding for the plaintiff is to be vacated and judgment entered for the defendant.