Briggs, J.
This is an action of tort or contract for personal injuries sustained by the plaintiff from eating an oyster at a collation -served by the defendant. The declaration is in three counts, — the first in tort for negligence, the second in contract for breach of warranty, and the third for breach of contract to settle the plaintiff’s claim in consideration of the plaintiff making available certain hospital records. The answer sets forth a general denial and allegation of contributory negligence.
The Court could warrantably find from. the evidence presented that the plaintiff was a member of an organization, and attended a meeting thereof at which a collation was served by the defendant, a caterer of thirty years experience, in accordance with previous arrangements.
The plaintiff, proceeding around the table from which the collation.was served, first went to the oyster section, extended his plate and the waiter filled it with oysters. He ate two, and started to eat a third. In swallowing, it lodged in his throat, making it difficult to breathe. He was taken to the Haymarket Belief Station, and later sent to the Massachusetts Eye and Ear Infirmary, where an X-ray was taken, he was given a pill to swallow, his throat cocained, and preparations made to etherize him. Later he felt a large mass with a sharp edge pass down his throat to his stomach. An X-ray demonstrated a linear area of increased density, about one half an inch long with definite indications of a foreign body.
It could further be found that the oysters were purchased “shucked”, from a reputable dealer, and delivered *223 in tin cans, from which they were poured into pitchers, and then they were poured into hollowed ice blocks for serving. .No inspection of the “shucked” oysters was made.
The defendant admitted that it was in the catering business and held itself out as skilled therein.
The Court made the finding of fact that the oyster was rendered unfit for consumption by the presence of a foreign substance, and found for the plaintiff on Count 1, and for the defendant on Counts 2 and 3. Requests for rulings of law were duly presented by both parties hereto. The defendant now alleges error in the denial of its request numbered 8 — “The evidence does not warrant a finding for the plaintiff”, and to the granting of plaintiff’s requests numbered 6, 10 and 13 which are as follows:
6. If the defendant by having the oysters gone over by hand or by any other “reasonable inspection” of the oysters before serving could have detected the presence of a piece of shell of the size which lodged in the plaintiff’s throat, it is negligence for the defendant to serve oysters without such handling or inspection.
10. Inasmuch as the Massachusetts Consistory was unincorporated, the officers of the Consistory acted as the agents of the several members and the plaintiff, being a principal, whether disclosed or undisclosed, by reason of his membership in the Consistory, is entitled to recover on a contract made by the officers of the Consistory.
13. If the evidence shows a definite foreign body consumed with the oyster, it is immaterial whether it was a piece of shell or not.
No error appears in the denial of the defendant’s request numbered 8. There was evidence warranting the *224 finding for the plaintiff. While decisive on matters of pleading the case of Bishop vs. Weber, 139 Mass. 411 has defined the obligations of a caterer toward guests as follows:
“If one who holds himself out to the public as a caterer, skilled in providing and preparing food for entertainments, is employed as such, by those who arrange for an entertainment, to furnish food and drink for all who may attend it, and if he undertakes to perform the service accordingly, he stands in -such a relation of duty toward a person who lawfully attends the entertainment, and partakes of the food furnished by him, as to be liable to an action of tort for negligence in furnishing unwholesome food whereby such person is injured.”
This liability does not rest so much upon an implied contract, as upon a violated or neglected duty voluntarily assumed. The duty, however, arises from the relation of the caterer to the guests. The latter have the right to assume that he will furnish for their consumption provisions which are not unwholesome and injurious through any neglect on his part.
It is not necessary to aver that the defendant knew of the injurious quality of the food. It is sufficient if it appears that he- ought to have known it, and was negligent in furnishing unwholesome food, by reason whereof the plaintiff was injured.
The defendant did nothing to protect those who might eat the oysters it served except to buy of a reputable dealer. It made no inspection.
By the granting of the 6th request of the plaintiff the Court in effect found that an inspection by the defendant would have shown the presence of a foreign body in the *225 oysters served, and that failure to perform that duty amounted to negligence. No error is disclosed in view of the evidence. Neither is any error shown in granting the 10th and 13th requests. The finding by the Court includes a violation of duty on the part of the defendant with a resultant injury to the plaintiff, for which the defendant was responsible. Sullivan vs. Manhattan Market Co., 251 Mass. 395. Cushing vs. Rodman, 82 F (2nd) 864. Grossman vs. Hotel Astor, 166 Misc. (N.Y.) 80.
Other questions raised need not be considered as the plaintiff waived the report claimed by him, conditioned upon this Court upholding the trial court in those rulings on which a report was claimed by the defendant.
Since no error is disclosed by the action of the trial court on the plaintiff’s requests, the entry will be made.
Plaintiff’s report dismissed.
Defendant’s report dismissed.