No. 911              Southern              Norfolk, ss.

AKOURY                                    (Leon Rubin)
v. FIRST NATIONAL STORES, INC.    (William J. Day)

From the District Court of East Norfolk—Comerford, J.

Argued April 10, 1941—Opinion Filed May 23, 1941

BRIGGS, J. (Sanborn, P.J., & Estes, J.)—In this action there is a count in contract and one in tort, brought by the plaintiff to recover damages for personal injuries resulting to him from eating unwholesome pork which he bought from the defendant, by his son as his agent, on May 11, 1940.

There was evidence tending to show that on the morning of May 11, 1940, the plaintiff gave his son, James, some money to buy items of food from the defendant's store for the plaintiff. The plaintiff's son asked the defendant's clerk for six pounds of meat, requesting eight chops and the rest in one piece. It was further shown that the plaintiff was thereafter served three of the pork chops, cooked by his wife. He did not eat all three because they did not taste good. The following morning, May 12, the plaintiff's wife placed the single piece of pork into the oven, where it roasted for four to four and one-half hours at a temperature of 300 degrees Fahrenheit. That afternoon the plaintiff did not eat much of the roast pork because it did not taste as good as pork eaten before. That afternoon the plaintiff became ill and was worse the next

day. On the 14th he was taken to the hospital and his illness was diagnosed as trichinosis.

Physicians testifying for each party ascribed the illness of the plaintiff as trichinosis, from eating pork on May 11 and 12. From the foregoing evidence the trial court, among other special findings, found that "the pork eaten by the plaintiff on May 12th was the cause of his illness, and that he was guilty of contributory negligence in eating pork that did not taste good, a second time."

"I find for the defendant in the tort because the plaintiff was guilty of contributory negligence and the defendant received no such notice of a defect in the food as is prescribed by law. I find for the defendant in the contract count because the defendant received no such notice of a defect in the food as is prescribed by law."

The finding for the defendant in the tort "because the plaintiff was guilty of contributory negligence and the defendant received no such notice of a defect in the food as is prescribed by law" was a twofold error by the court.

The finding that the plaintiff was guilty of contributory negligence was unsupported by the evidence shown in the report. It could only be based on the finding that the plaintiff "was guilty of contributory negligence in eating pork that did not taste good, a second time." There was undisputed evidence that the illness was trichinosis, and that the presence of trichinae cannot be detected by tasting or by the naked eye; that it can be found in fresh as well as in stale pork; and that the only positive proof of its presence lies in laboratory tests. Even if the pork had tasted good, it still could have caused the plaintiff's injury. There was no evidence that any condition giving rise to an unusual taste contributed to the illness.

The fact that a plaintiff has failed to exercise reasonable care for his own safety does not bar recovery unless the plaintiff's harm results from a hazard because of which his conduct was negligent. It has no application to cases where there is no adequate understanding of the extent of exposure to injury. The plaintiff must know and appreciate the particular danger and voluntarily put himself in the way of it, and the resulting injury must have its origin in the hazard which he should have reasonably foreseen. *Stone* v. *Boston & Albany R.R. Co.* 171 Mass. 536, 541; *Hanley* v. *Boston Elevated Ry. Co.* 201 Mass. 55; Restatement of the Law—Torts—s. 465-466.

The court granted the 11th request of the plaintiff "That the defendant, its agents or servants was negligent." If, as he contends, the plaintiff relies upon violation of G. L. c. 94, s. 150, it does not appear that the notice required under G. L. c. 106, s. 38 is a prerequisite to recovery. While a count for breach of warranty may be included in a declaration in an action of tort (*Schouler* v. *Union News Co.* 295 Mass. 350; *Norton* v. *Doherty,* 3 Gray 372), an action of tort may also lie when based upon G. L. c. 94, s. 150. See *Flynn* v. *Growers Outlet, Inc.* Mass. A. S. (1940) 1845 (26 BTL 31); *Mellace* v. *John P. Squire Co.* Mass. A. S. (1940) 1335 (25 BTL 194). It

[ 34 ]

follows that we are unable to determine what, if any, consideration was given by the court to the alleged violation of G. L. c. 94, s. 150, and we cannot say that the ruling by the court that "the defendant received no such notice of a defect in the food as is prescribed by law" was not prejudicial to the plaintiff. (So far as such notice was required under G. L. c. 106, s. 38, the finding of the trial court was one of mixed law and fact; we find no error.)

The finding for the defendant is to be vacated and the entry will be: New trial ordered.