No. 950            Southern              Plymouth, ss.
PAPPAS, ET AL            (Fletcher, Fortier & Wilbur)
v. THE GLORIA CHAIN STORES, INC.   (Robert B. Owen)
From the District Court of Brockton—McLeod, J.
Argued October 16, 1941—Opinion filed December 9, 1941

BRIGGS, J. (Estes, A.P.J., & Rollins, J.)—This is an action in tort for injury claimed to have been sustained by the plaintiff for eating unwholesome food (cheese) purchased from the defendant by her son for the use and consumption of the family.

There was evidence that John Pappas, son of the plaintiff, was sent to the defendant's store by the plaintiff to purchase some cheese, which she intended to use for the family meal; that the defendant's agent, who sold the cheese, knew it was purchased for food, sold it from bulk, cutting the purchase from a larger piece.

There was further evidence that the plaintiff prepared a meal at which the cheese was served, and that she and other members of the family who ate the cheese became ill three or four hours later and required the services of a doctor who testified that he treated her for cramps and vomiting, and that in his opinion there was a causal relation between the eating of the cheese and the sickness and that the probable cause of the sickness was eating the cheese.

A sample of the cheese was examined by the City Chemist and he testified that it contained organisms per gram—600,000 —all staphylococci, aureus type, and that the cheese was not fit to eat and would be harmful to health, and that only by a bacteriological examination could this condition be detected.

On the day following the illness the husband of the plaintiff telephoned to the defendant's treasurer and told him that his wife and children were made ill from eating the cheese, and about ten days later her counsel made a written claim on the defendant.

The plaintiff duly filed the following eight requests for rulings—all of which were allowed.

The defendant filed a motion moving that on all the evidence as a matter of law a finding be made in favor of the defendant, setting forth four reasons.

This motion was denied. The Court found for the plaintiff and made the following special findings:

"I find the defendant sold cheese to John Pappas, one of several plaintiffs, and a member of the Pappas family. The four members of the family who ate the cheese were taken sick within 4 hours after eating. I find the cheese was the cause of their sickness; that it was unfit to eat and dangerous to health. An analysis showed that it contained 600,000 organisms per gram of staphylococcus (aureus type). I find the defendant violated G. L. Chap. 94 sec. 150 and that such violation caused the sickness of those who ate the cheese, viz: Viola, Francis, John, Cleopatra. There was no negligence in handling the cheese nor any knowledge of its condition by the defendant. I find the defendant was negligent by reason of its violation of the statute above and the consequent damage to those who ate the cheese."

The defendant, claiming to be aggrieved by the granting of the plaintiff's requests, by the denial of its motion and by the finding for the plaintiff requests this report.

The rules of the District Courts contemplate that the basis of a report to the Appellate Division shall be requests for rulings and not motions. *Holton* v. *American Pastry Products Corp.*, 274 Mass. 268. *Morse* v. *Homer's Inc.*, 295 Mass. 606.

If we treat this motion as a request, however, we may consider it with the allowance of the requests of the plaintiff.

There was evidence and the Court could warrantably find that the illness was caused by eating the cheese; that it was unwholesome and unfit for human consumption; that it was purchased from the defendant, and that its condition was not made known to the buyer.

General Laws Chapter 94, Section 150, provides, among other things, that whoever sells any tainted, diseased, corrupt, decayed, or unwholesome meat or provisions of any kind except when packed in such a container that upon reasonable inspection the condition of the contents thereof cannot be ascertained, without making the condition of the thing sold fully known to the

buyer, shall be punished. It could have been found that this statute was violated by the defendant, and if it were so found, this is some evidence of negligence. See *Schuler* v. *Union News Co.*, 295 Mass. 350, and *Holt* v. *Mann*, 294 Mass. 21, and *Flynn* v. *Growers Outlet, Inc.*, 307 Mass. 373. It follows that the first, second, and third requests were properly granted.

Negligence arising out of violation of a penal statute is without legal consequence unless it is a contributing cause of the injury. There was evidence here that the condition to which the statute directly related had a causal connection with the injury. This is a finding of fact and we are bound by it. *Bourne* v. *Whitman*, 209 Mass. at 166. *Wall* v. *King*, 280 Mass. 577. *Schuler* v. *Union News Co.*, *supra*.

There appearing no prejudicial error, the entry will be,

Report dismissed.