COMMONWEALTH *vs.* ECONOMY GROCERY STORES CORPORATION.

Essex.    January 4, 1943. — January 26, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Food.    Sale*, Of food.

Knowledge of a seller of food that it is unwholesome is not an essential element of the offence created by G. L. (Ter. Ed.) c. 94, § 150.

COMPLAINT, received and sworn to in the First District Court of Essex on June 11, 1942.

Upon appeal to the Superior Court, the case was heard without a jury by *Hurley*, J., a District Court judge sitting under statutory provisions.

*J. F. Cusick*, for the defendant.

*J. J. Ryan, Jr.*, Assistant District Attorney, for the Commonwealth.

LUMMUS, J. This is a complaint under G. L. (Ter. Ed.) c. 94, § 150, alleging that the defendant "did sell . . . for food certain tainted, corrupt, decayed and unwholesome hamburg, said hamburg not being then and there packed in such a container that upon reasonable inspection the condition of the contents thereof could not be ascertained, without making the condition of said hamburg fully known to" the buyer. The defendant moved to quash the complaint on the ground that it failed to allege that the defendant had knowledge that the hamburg was decayed or unwholesome. The trial judge denied the motion, and the defendant excepted.

The relevant statute originated in St. 1784, c. 50. Under that statute a defendant, to be guilty, must have sold the provisions "knowing the same" to be unwholesome. In *Hemmenway* v. *Woods*, 1 Pick. 524, 526, this court said that the "St. 1784, c. 50, against selling unwholesome provisions, requires a knowledge on the part of the vendor which would not be inferred from the mere fact that the provisions were unwholesome." In Rev. Sts. (1836) c. 131, § 1, the language was changed to require the defendant "knowingly" to sell the unwholesome provisions. But the meaning remained the same. *Commonwealth* v. *Boynton*, 12 Cush. 499. Gen. Sts. (1860) c. 166, § 1. Pub. Sts. (1882) c. 58, § 5. R. L. (1902) c. 56, § 73.

By St. 1913, c. 687, the statute was redrafted into substantially the present form, and the word "knowingly" was omitted. We think the intention was to punish the sale of unwholesome provisions, subject to the statutory exception, without regard to the question whether the seller knew the provisions to be unwholesome or not. The statute was thus interpreted, correctly as we think, in *Holt* v. *Mann*, 294 Mass. 21, 24, and *Schuler* v. *Union News Co.*

295 Mass. 350, 354, 355.   After the amendment of 1913 the offence under the statute became one in which guilty knowledge need not be alleged or proved.   *Commonwealth v. Mixer,* 207 Mass. 141.

*Exceptions overruled.*