## No. 146

## LOUCAS COMITAS, ppa, et als
### v.
## IANDOLI'S SUPER MARKET, INC.

Argued: April 11, 1975. Decided: July 24, 1975.

Case tried to *McCooey, J.*, in the Central District Court of Worcester. Number: 72-T-330.

Present: *Gould, J.* (Presiding); Constantino, Walsh, JJ.

**Walsh, J.** This is an action of tort in which two minor plaintiffs sue the defendant, a market, for injuries sustained by them after eating the contents of a can of condensed chicken with rice soup purchased by their father. The latter sues for hospital expenses incurred for his children. The court found damages of $300 for each minor plaintiff and $96 for the adult plaintiff.

*The facts show that* the father purchased the soup from the defendant and within a day or two he opened it and his wife prepared and served it at family supper. The children, one and one-half and four years of age,

ate the soup but the parents did not. The parents had lamb and potato and the father had a glass of milk. The children also had milk. No evidence was presented as to any other food or drink they had consumed prior to their supper.

The father testified his children were in good health that day but about one-half hour after supper both became grouchy, cried constantly, grasped their stomachs and suffered diarrhea. These symptoms continued until midnight at which time the children were taken to Worcester City Hospital and examined. They were treated the next day by their family physician who prescribed certain medicine. Hospital expenses for each child in the amount of $48 were incurred.

The hospital reports were introduced in evidence containing histories of the minors' illnesses, discoveries made by physical examination and a diagnosis of "food intoxication" was made for each child. The defendant objected to the unrestricted admission into evidence of the hospital report and claimed a report. No other medical evidence was introduced at the trial.

The trial justice, in his findings of fact, found that the soup was unwholesome, that the illness of the children was causally related to its consumption and that the hospital report is competent evidence of that fact.

The defendant filed four requests for rulings. One was allowed and it claims to be aggrieved by the denial of two of the three which were denied. Request No. 4 states that the evidence does not warrant a finding that the plaintiffs or any of them suffered injuries, illness or damages as a result of any breach of warranty, express or implied, made by the defendant with respect to the canned chicken soup and rice sold by the defendant. Request No. 2 is the same but pertains to the father's claim for consequential damages.

The questions raised on this appeal are the sufficiency of the evidence presented to sustain findings for

the plaintiffs in their respective claims and whether the hospital record was properly admitted without restriction or limitation.

The defendant contends that the trial justice should not have considered the words "food intoxication" appearing in the hospital records. Under G. L. c. 233, §79, as amended, hospital records "shall be admissible . . . so far as such records relate to the treatment and medical history of such cases . . . but nothing therein contained shall be admissible as evidence which has reference to the question of liability".

Cases which discuss hospital reports distinguish between details of medical diagnosis, treatment and prognosis accompanied by facts helpful to understand the medical case as opposed to statements which narrate the events or chain of events which led to the injuries or illness. *Burke v. John Hancock Life Ins. Co.,* 290 Mass. 299.

The diagnosis of "food intoxication" is a medical determination of the illness sustained by the minor plaintiffs. In the case of *Wadsworth v. Boston Gas Co.,* 352 Mass. 86, the jury had been allowed to consider the words "illuminating gas" appearing in a hospital record. The court held that the recital of injury from inhalation of illuminating gas, standing alone, does not impute fault or freedom from fault to anyone.

Even if the record may have some reference to liability it would not necessarily render it inadmissible. A reasonable construction of the statute requires that "a record which relates directly and mainly to the treatment and medical history of the patient should be admitted, even though incidentally the facts recorded may have some bearing on the question of liability." *Leonard v. Boston Elev. Ry.,* 234 Mass. 480. Once admitted, the facts shown by the entries could be considered on any relevant issue. *Bilodeau v. Fitchburg & Leominster St. Ry.,* 236 Mass. 526.

The defendant, quite properly, contends that the mere inclusion in a hospital record of certain statements does not render them admissible and cites *Inangelo v. Petterson,* 236 Mass. 439. In this case, the court excluded a portion of a record which stated, " 'Present Illness', while patient was running along the road four days ago, she was run over by an automobile . . ." The court held that this clearly related to liability and as hearsay would be contrary to a well established rule. The case of *Glass v. Metropolitan Life Ins. Co.,* 258 Mass. 127 also relied upon by the defendant is also distinguishable. "Unless radiation accomplishes a miracle the outcome will be fatal" was held to be properly excluded as "a prophecy which has no bearing upon treatment or medical history of the case."

There was other evidence before the trial justice from which he could properly infer that the illness of the plaintiffs was causally related to the consumption of the defendant's soup. The children became ill after having the soup along with some milk. The father who also drank milk but did not have the soup was not affected. In the case of *Johnson v. Kanavos,* 296 Mass. 373, three plaintiffs became ill after eating the same food under similar circumstances. It was held that "when, under the same conditions, several persons who have eaten the same food become similarly ill an inference may be warranted that the food which all had eaten was unwholesome and was the cause of their illness". A further aspect of the *Johnson* case was that although the plaintiffs were treated by doctors and the doctors testified in court, they did not testify that in their opinion the illness of their patients was caused by the food in question. This did not prevent a finding for the plaintiffs and the evidence of their common experience afforded an adequate basis for finding the food was unwholesome and causally related to their illness.

The plaintiffs were bound to show that unwholesome food sold by the defendant was the probable cause of their illnesses. They were not obliged to exclude every other possible cause. *Monahan v. Economy Grocery Stores Corp.*, 282 Mass. 548.

If the minor plaintiffs are entitled to prevail in this action, so might the father. A father may recover doctors' bills paid and incurred by him for injuries to his minor son by the wrongful act of defendant. *Keating v. Boston Elevated Ry. Co.*, 209 Mass. 278.

The trial justice properly denied defendant's requests numbered 2 and 4 and rightfully allowed the hospital record into evidence. There being no prejudicial error, **it is ordered that the report be dismissed.**