GEORGE W. SMITH *vs.* EVERETT B. GERRISH & another.

Suffolk. March 16, 1926. — May 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Food. Sale,* Warranty. *Damages,* For breach of contract.

At the trial of an action of contract against the proprietor of a restaurant upon an implied warranty of the wholesomeness of food, there was evidence that the plaintiff, who, with his family, had eaten a breakfast of toast and coffee which affected none of them injuriously, ate a lunch at the defendant's restaurant where he was served with mackerel which had been kept in cold storage for an indeterminable time before it was served to him, that when he ate the mackerel "it tasted as if it was not fit to eat," that soon after eating it he became sick at his stom-

ach, grew worse, had intense pains in his stomach, and was unable to keep any food on his stomach for approximately a month. A verdict was ordered for the defendant. *Held,* that

(1) Findings were warranted that the plaintiff made known to the defendants the particular purpose for which the food in question was required, that is, that it was then and there to be eaten, and that the plaintiff relied upon the seller's skill and judgment to select and prepare food which should not poison him because it was not wholesome;

(2) A finding for the plaintiff was warranted under G. L. c. 106, § 17;

(3) The action should have been submitted to the jury with appropriate instructions.

CONTRACT OR TORT for damages alleged to have resulted to the plaintiff from the eating of unwholesome food in a restaurant maintained by the defendants. Writ dated June 1, 1923.

Although the writ was in "contract or tort," the declaration set out a cause of action in contract only and upon an implied warranty.

The action was tried in the Superior Court before *Hall,* C.J. Material evidence is described in the opinion. At the close of the evidence, the Chief Justice ordered a verdict for the defendants and reported the action to this court for determination upon the agreement of the parties described in the opinion.

*A. E. McCleary,* for the plaintiff.

*E. J. Sullivan,* for the defendants.

PIERCE, J. This is an action of contract brought by the plaintiff for breach of an implied warranty. The defendants were copartners on March 9, 1923, and as such conducted a restaurant. On that day the plaintiff went to the restaurant conducted by the defendants and ordered and was served with a meal consisting of broiled mackerel, potatoes, coffee and rolls. "There was evidence that the mackerel in question was what is known as chilled or cold storage mackerel. That it was advertised on the bill of fare as 'native mackerel' and that it had been in cold storage for an indeterminate time prior to the date that it was served to the plaintiff." The plaintiff, starting to eat of the served food, put a medium sized piece of the mackerel in his mouth and began to chew it; "it tasted as if it was not fit to eat" but he swallowed a

part of it because he was embarrassed to spit it out in the presence of strangers who were sitting at the table with him. He then finished his meal of potatoes, rolls and coffee, eating no more of the fish. After finishing his meal he left the restaurant, looked at a newspaper bulletin for a few moments, and then started for his place of business. Before arriving there he began to feel sick with griping pains in his stomach, and nausea. He was obliged to stop work at about 3:30 P.M. He went home and called a doctor, who prescribed some powders and, at a later visit, some liquid medicine and pills for food poisoning. He was very ill for about two weeks, suffering from intense griping pains in the stomach, being unable to keep any food whatever on his stomach, having frequent night sweats, and his body breaking out with a rash of a pussy nature. He lost seventeen pounds in weight. There was evidence that the plaintiff, with other members of his family, had had toast and coffee for breakfast that morning, and that none of the latter had suffered any ill effects.

At the close of the evidence the defendants moved and the trial judge directed a verdict in their favor; a verdict for the defendants was returned by the jury, and, by the agreement and at the request of counsel, the judge reported the case to this court upon the stipulation that, if there was error in the ordering of the verdict, there should be judgment for the plaintiff in the sum of $1,000; otherwise, judgment on the verdict.

The evidence to support the contention of the plaintiff that the mackerel was not wholesome was sufficient to warrant the submission of that issue to the jury. The plaintiff had eaten at breakfast only toast and coffee. The luncheon at noon, at the defendants' restaurant, consisted in part of mackerel which had been kept in cold storage for an indeterminate time before it was served to the plaintiff. When eaten "it tasted as if it was not fit to eat." Soon after eating the plaintiff became sick at his stomach, grew worse, had intense pains in his stomach, and for approximately a month was unable to keep any food on his stomach. The case in this regard is governed by *Barringer* v. *Ocean Steamship Co.*

*of Savannah*, 240 Mass. 405, and not by *Gracey* v. *Waldorf System, Inc.* 251 Mass. 76.

Assuming the evidence warranted the jury in finding, as they did find, that the mackerel which was delivered to the plaintiff for consumption was unwholesome, the questions which remain on the pleadings are, Was the mackerel sold to the plaintiff, and if sold was there an implied warranty of its fitness for human food, and did the plaintiff rely upon the seller's skill and judgment? If these questions are answered in the affirmative it is plain G. L. c. 106, § 17, is applicable and pertinent. That statute reads, "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose." It is manifest that the jury might have found that the plaintiff made known to the defendants the particular purpose for which the food in question was required, that is, that it was then and there to be eaten, and that the plaintiff relied upon the seller's skill and judgment to select and prepare food which should not poison him because it was not wholesome. *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65. *Temple* v. *Keeler*, 238 N. Y. 344. It is settled in this Commonwealth by *Friend* v. *Childs Dining Hall Co., supra,* that the service of food for immediate consumption on the premises is a sale, and carries with it an implied warranty of fitness for consumption.

The case should have been submitted to the jury with appropriate instructions. It follows that, upon the stipulations, judgment is to be entered for the plaintiff in the sum of $1,000.

*So ordered.*