Good, J.
This is an action of contract or tort in which the plaintiff seeks to recover damages alleged to have been suffered when she was made ill by reason of having eaten mushrooms purchased by her from a branch store of the defendant.
The court found for the plaintiff in contract. The defendant filed certain requests for rulings of law. The court *45 denied requests three and four and the defendant claims to be aggrieved thereby. They follow:
“3. The court should rule that on all the evidence the plaintiff is not entitled to recover under count 1 of her declaration, there having been no evidence of any breach of warranty, express or implied, by the defendant to the plaintiff.
“4. The court should rule that on all the evidence the plaintiff is not entitled to recover under count 1 of her declaration, there having been no evidence that she was made sick by or as a result of eating the mushrooms purchased from the defendant.”
There was evidence that the plaintiff asked the agent of the defendant if the mushrooms were fresh; that he said they were; that she purchased one-half pound. The plaintiff looked at the mushrooms before she bought them, and she testified that they were of a dark color but that “they looked all right — looked like mushrooms I always bought. ” She purchased them some time between four and five p. m.; took them home and placed them in an ice-box until six p. m., when she took them from the ice-box, washed and peeled them,- then fried them with butter for ten or fifteen minutes. She and her husband then ate them together with cube steak and potatoes. A seven-year old daughter ate the steak and potatoes, but no mushrooms.
At 9:30 p. m. the plaintiff and her husband became ill; on the following day, March 27th, the plaintiff, though feeling ill, visited the defendant’s store twice and reported t lie facts concerning the illness of her husband and herself. On the evening of March 27th the plaintiff’s husband, who had remained in bed through the day, got up and dressed and visited a doctor. The doctor returned home with the husband and examined the plaintiff. The doctor, not an expert on food or food poisoning, testified it was his opinion that both suffered from toxic gastritis or acute inflammation of the stomach.
*46 The purchasing agent of the defendant, called as a witness by the plaintiff, testified that the mushrooms were cultivated, had been purchased on or about March 22 or 23, delivered to warehouse on same day and then shipped to the branch store of the defendant.
Neither the plaintiff nor her husband could remember what they had eaten at any meals prior to the meal on the evening of March 26th, when the mushrooms were eaten.
The court found that the plaintiff was made ill solely through the eating of the mushrooms purchased of the defendant.
It is the duty of the plaintiff to establish a causal connection between the mushrooms eaten by the plaintiff and her subsequent illness.
The difficulty in the ease is to determine whether there was any evidence that the defendant furnished the plaintiff with unwholesome food which caused her sickness. A careful examination of the report reveals but one piece of evidence upon which the conclusion might be based that the mushrooms were unwholesome, namely, “that they were of a dark color”; but for all that appears this may mean to an expert on the quality of a mushroom that the mushroom dark in color is more wholesome than one light in color, particularly when considered in the light of the other testimony of the plaintiff that “they (the mushrooms) looked all right — looked like mushrooms I always bought”.
The doctor did not toll the court what in his opinion caused the illness of the plaintiff and her husband. He did not even say that unwholesome mushrooms which had been eaten by the plaintiff and her husband would be an adequate cause of the condition he found when he saw them. It is true the daughter, who did not eat the mushrooms, was not sick, but to conclude from this alone that the mushrooms caused the illness of her father and mother would *47 be guesswork. The stage at which mushrooms become un'fit for food, their toxic effects upon the human body, and the length of time needed for such effects to manifest themselves, are not things which are matters of common knowledge, such that judicial notice can be taken of them. They require proof.
This case falls short of Barringer v. Ocean Steamship Co. of Savannah, 240 Mass. 405, Smith v. Gerrish, 256 Mass. 183, in both of which cases there was some evidence to support the conclusion that unwholesome food caused the plaintiff’s sickness. The evidence in those cases was slight, but sufficient to permit a finding of causal connection. This case falls squarely within Monahan v. Economy Grocery Stores Corp., 282 Mass. 550, Walker v. Benz Kid Co., 279 Mass. 533, at 537, Gracey v. Waldorf System, Inc., 251 Mass. 76, where the evidence did not permit such a finding.
Judgment for the defendant.