ALICE JOHNSON *vs.* ERNEST J. KANAVOS.

CATHERINE RUANE *vs.* SAME.

MILDRED DOLAN *vs.* SAME.

Suffolk.    November 8, 1935. — January 25, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Food. Sale,* Of food, Warranty. *Evidence,* Of unwholesomeness of food. *Proximate Cause. Notice.*

Evidence that each of three persons, while each eating a frankfurt sandwich at the same time at a lunch stand, noticed a peculiar "off color" taste and shortly afterwards became ill, and that except for the sandwiches they had not eaten the same food during the preceding fifteen hours, warranted a finding that the sandwiches were unwholesome and were the probable cause of their illness, although their attending physicians, called by them as witnesses, did not testify that it was so caused.

A finding, that a notice of breach of warranty of the wholesomeness of food sold, given nine days after the sale, satisfied G. L. (Ter. Ed.) c. 106, § 38, in that it was given within a reasonable time and sufficiently identified the sale and the nature of the breach and apprised the seller that the buyer proposed to hold him responsible, was warranted by the facts; and an inaccurate statement as to the exact hour of the sale did not affect the sufficiency of the notice as matter of law.

THREE ACTIONS OF TORT, afterwards, by amendment, of CONTRACT. Writs in the Municipal Court of the West Roxbury District of the City of Boston dated December 11, 1933.

The actions were heard by *Casey*, J. There were findings for the plaintiffs in the sums, respectively, of $200, $50, and $200. Reports to the Appellate Division for the Southern District were ordered dismissed. The defendant appealed.

The cases were submitted on briefs.

*J. M. Graham*, for the defendant.

*J. E. Caulfield*, for the plaintiffs.

DONAHUE, J. These three cases were tried together in a district court and there was a finding for each plaintiff. There was evidence that each of the plaintiffs, shortly after twelve o'clock at night on July 8, 1933, purchased at a lunch stand operated by the defendant and ate a "hot frankfurt sandwich" and that all became sick within four hours thereafter. There was testimony from the plaintiffs that the sandwiches "tasted off color," not "just right" and "peculiar." There was evidence as to what each of the plaintiffs had eaten since morning on July 7 and it did not appear that up to the time of eating the sandwiches purchased from the defendant they had that day eaten the same kind of food.

As amended the writs are in contract and recovery is sought for the breach of an implied warranty of the wholesomeness of food sold by the defendant to the plaintiffs. Requests for rulings filed by the defendant in each case, and denied by the trial judge, adequately raised the questions whether the evidence warranted the finding that the food purchased was unwholesome, whether the plaintiffs were made sick by eating it, and whether a notice of breach of warranty in compliance with the sales act had been given to the defendant. The trial judge, in a separate report filed in each case, reported his rulings and refusals to rule to the Appellate Division and, there, orders were entered dismissing the reports.

The report filed by the trial judge in each case stated that the three cases were tried together but recited only the evi-

dence introduced in that particular case.  The cases were argued together in the Appellate Division which, in reaching its decision, considered evidence introduced in each case which was pertinent to the issues in the other two cases. The cases were submitted to us on briefs.  The brief of the defendant does not contend that the evidence in each case, of the taste of the sandwiches, the time when each plaintiff became ill and the kind of food earlier eaten by each, is not applicable to all three cases.  We consider the cases on that basis.

The trial judge in determining whether the food sold by the defendant was unwholesome was warranted in giving some weight to the circumstance that it had a peculiar taste.  Evidence of the presence of a peculiar taste in food has some probative significance on the issue whether the food was unwholesome and the cause of a subsequent illness of a person eating it (see *Barringer* v. *Ocean Steamship Co. of Savannah*, 240 Mass. 405, 408; *Smith* v. *Gerrish*, 256 Mass. 183, 185; *Schuler* v. *Union News Co.* 295 Mass. 350, 352), just as evidence of the absence of a peculiar taste in food claimed to be wholesome would also have significance (see *Gracey* v. *Waldorf System, Inc.* 251 Mass. 76, 78; *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548, 551).

The plaintiff in any one of the three cases was not left to rely solely on the fact that she noticed a peculiar taste in the food purchased of the defendant and after eating it was ill.  Each of the three plaintiffs purchased a "frankfurt sandwich," noticed a peculiar taste in eating it and shortly afterwards became sick.  In what had been eaten by the three plaintiffs in a period of fifteen or more hours before becoming ill the only article of food which all three had eaten was a frankfurt sandwich.  When, under the same conditions, several persons who have eaten the same food become similarly ill an inference may be warranted that the food which all had eaten was unwholesome and was the cause of their illness.  *Baxter* v. *Doe*, 142 Mass. 558, 561.  *Commonwealth* v. *Kennedy*, 170 Mass. 18, 23. Wigmore, Evidence (2d ed.) §§ 442, 447.  A contrary inference might be warranted if only one of several persons

partaking of the same kind of food thereafter became sick. *Landfield* v. *Albiani Lunch Co.* 268 Mass. 528, 530. *Gracey* v. *Waldorf System, Inc.* 251 Mass. 76, 78.

Physicians who had treated the plaintiffs and were called as witnesses by them did not testify that in their opinion the illness of their patients was caused by eating frankfurt sandwiches. The absence of such testimony did not prevent findings for the plaintiffs. We think the evidence of the common experience of the three plaintiffs on the night in question afforded an adequate basis for a finding that the food sold by the defendant was unwholesome and was the cause of the illness of the three plaintiffs.

The plaintiff Johnson had, at some time in the past, been treated for ulcers of the stomach. About an hour before partaking of the frankfurt sandwich she had eaten a crabmeat sandwich and drunk a glass of beer. There was testimony from a physician that such a combination of food was not easily digestible and "might upset anybody's stomach." (See *De Filippo's Case*, 284 Mass. 531, 534.) This evidence did not compel a finding against her. Inasmuch as the other two plaintiffs, who, so far as appears, never had any stomach trouble and ate no crabmeat sandwiches, were also made sick, there was warrant for the conclusion by the trial judge that the illness of the plaintiff Johnson and that of the other two plaintiffs came from the same cause.

The plaintiffs were bound to show that unwholesome food sold by the defendant was the probable cause of their illnesses. They were not obliged to exclude every other possible cause. *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548, 550.

The defendant would not be liable for his breach of implied warranty of the fitness of the food he sold to the plaintiffs unless they gave him notice of the breach of warranty within a reasonable time after they knew or ought to have known of it. G. L. (Ter. Ed.) c. 106, § 38. *Schuler* v. *Union News Co.* 295 Mass. 350, 354. Within nine days after the plaintiffs purchased and ate the frankfurt sand-

wiches their attorney sent to the defendant a letter which stated in substance that the plaintiffs purchased food at the lunch stand of the defendant on July 7, 1933, at or about 11 P.M. and were made ill as a result of eating the food, that attending physicians stated the illnesses of the plaintiffs were caused by ptomaine poisoning from the food they ate, and that the plaintiffs intended to hold the defendant responsible.

Whether the notice was given within a reasonable time was a question of fact. *Smith* v. *Denholm & McKay Co.* 288 Mass. 234, 237. One of the plaintiffs was ill for five weeks after eating the food sold by the defendant, another for twenty days and the third for a few days. It could not properly have been ruled as matter of law that the notice was not given within a reasonable time. On all the evidence, we think a finding that notice was given within a reasonable time was not unwarranted. *Schuler* v. *Union News Co.* 295 Mass. 350, 354.

The purpose of the statutory requirement of notice is the protection of sellers against belated claims for damages. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 167. No particular form or method of giving notice is prescribed. Even an oral notice repeating what had been told to the buyer by some one else may in some circumstances be held adequate. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198.

The single written notice here given on behalf of the three plaintiffs definitely indicated that they were asserting legal rights against the defendant. It referred to particular sales, identified by the fact that they were all made at the same time. It advised the defendant of an alleged defect in the food and specified the character of the breach of warranty relied upon with as much particularity as reasonably could be expected in the case of a sale of food for immediate consumption. It cannot be said that the trial judge was wrong in finding and ruling that the notice given was sufficient. The fact that the notice stated that the three plaintiffs purchased the food in question "at or about 11 P.M." while the evidence indicated that the sale was

made at five minutes after twelve and the fact that one of the plaintiffs had made an earlier purchase of food from the defendant at about eleven did not require the ruling as matter of law that the notice was insufficient.

*Orders dismissing reports affirmed.*