FANNY M. BARFIELD *vs.* F. W. WOOLWORTH CO.

Suffolk.    December 1, 1952. — January 6, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Sale*, Of food, Warranty.    *Food.*

Certain medical and other evidence warranted a finding of liability of the
proprietor of a restaurant to a customer, who became ill about two
hours after buying and eating an apple dumpling at the restaurant,
for breach of an implied warranty under G. L. (Ter. Ed.) c. 106, § 17
(1), that the dumpling was fit for human consumption, although there
was no evidence that it looked or smelled or tasted bad.

CONTRACT OR TORT.    Writ in the Municipal Court of the
City of Boston dated April 27, 1951.

The action was heard by *Lewiton, J.*

*Michael Bloom,* for the plaintiff.

*Walter I. Badger, Jr.,* for the defendant.

LUMMUS, J.    In a District Court the judge found for the
plaintiff on a count for personal injury to the plaintiff re-
sulting from eating an apple dumpling purchased from the
defendant at its restaurant, which apple dumpling the de-
fendant warranted to be fit for human consumption but
which was unfit therefor.    A physician who attended the
plaintiff testified that she was suffering from food poisoning,
caused by eating something within three hours before she
became ill about half past two on the afternoon of October 3,
1950.    She had eaten the apple dumpling shortly after half
past twelve that afternoon.    A man who boarded with the
plaintiff testified that he had eaten with the plaintiff on the
evening of October 2 and the morning of October 3, partak-
ing of the same food consumed by the plaintiff, and had no
ill effects.    The physician testified that the food eaten by
the plaintiff on or before the morning of October 3 could not
have caused her illness.    The judge denied a request by the
defendant for a ruling that there was no evidence of breach
of warranty by the defendant.    The Appellate Division

vacated the finding for the plaintiff, and ordered judgment for the defendant. The plaintiff appealed.

It was agreed that due notice of breach of warranty was given to the defendant within a reasonable time. G. L. (Ter. Ed.) c. 106, § 38. *Schuler* v. *Union News Co.* 295 Mass. 350, 354. By § 17 (1) of that chapter "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose." Under that section the service of food for immediate consumption on the premises is a sale and carries with it an implied warranty of fitness for consumption. *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65. *Smith* v. *Gerrish,* 256 Mass. 183. *Schuler* v. *Union News Co.* 295 Mass. 350, 353.

In many of the cases of implied warranty of the fitness of food for human consumption there was evidence that the food looked or smelt or tasted bad. That was true in the cases relied on by the Appellate Division in its opinion. *Barringer* v. *Ocean Steamship Co. of Savannah,* 240 Mass. 405. *Smith* v. *Gerrish,* 256 Mass. 183. *Landfield* v. *Albiani Lunch Co.* 268 Mass. 528. *Schuler* v. *Union News Co.* 295 Mass. 350. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373. But such evidence is not essential to recovery. In this case there was evidence that another, who ate what the plaintiff ate except for the apple dumpling, had no ill effects. That pointed to the apple dumpling as the cause of the plaintiff's illness. The evidence of the physician warranted a finding of poisoning from food eaten at about the time the dumpling was eaten. The judge could infer that both the plaintiff and the boarder were normal in respect to the effect of food. *Payne* v. *R. H. White Co.* 314 Mass. 63. *Epstein* v. *Boston Housing Authority,* 317 Mass. 297, 301. We think that on the evidence the judge was warranted in finding for the plaintiff.

*Order of Appellate Division reversed.*

*Judgment for the plaintiff on the finding.*