BIG THREE WELDING EQUIPMENT
COMPANY, Appellant,

v.

Alonzo REEH and Floy Bode, Appellees.

No. 13135.

Court of Civil Appeals of Texas.

San Antonio.

April 3, 1957.

Rehearing Denied May 1, 1957.

Morris, Underwood & Oldham, Houston, for appellant.

Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellees.

BARROW, Justice.

This is an appeal from a judgment of the District Court of Gillespie County, overruling the pleas of privilege of the defendant Big Three Welding Equipment Com-

pany, in consolidated Causes Nos. 1383 and 1384, styled Alonzo Reeh v. Fredericksburg Machine Shop et al., and Floy Bode v. Fredericksburg Machine Shop et al., respectively. The suits grew out of a fire which occurred on the morning of January 20, 1956, in a garage building in the town of Harper, Gillespie County, Texas. The plaintiffs controverted the pleas, relying upon Subdivisions 4, 9a and 29a of Art. 1995, Vernon's Ann.Civ.Stats., but have abandoned Subdivision 29a in this appeal. We shall refer to the parties as in the trial court.

It is not disputed that about two weeks before the fire Alonzo Reeh went to the place of business of defendant Fredericksburg Machine Shop in Fredericksburg, Gillespie County, Texas, and bought a drum of acetylene gas, which he loaded on a pick-up truck and hauled to his place of business in the town of Harper, a distance of about 24 miles. Plaintiff Alonzo Reeh operates a garage business in a building owned by plaintiff Floy Bode. The fire in question damaged the building and the tools, equipment and merchandise in the building. The building has stone walls and a tin roof. The record shows that the drum of acetylene gas had been in plaintiff's place of business for two weeks prior to the fire and nothing was discovered wrong with it, except that on the evening before the fire plaintiff Reeh thought he detected the odor of gas and went to the drum and tried to tighten down the valve, but he found that it was tight and could not be screwed down further, then he got down close to the drum but could not smell any gas.

The record further shows that on the morning of the fire Ellis Ellebrecht, an employee of plaintiff Reeh, went to the garage at about 7:30 and opened the place for business. He then took the kerosene can for the heating stove to the store to be filled and upon his return, lit the fire in the stove and waited to see that it was burning, then went into the store of plaintiff Bode. After he had been there only a few minutes three distinct muffled explosions were heard,

whereupon it was discovered that the garage was on fire. After the fire was extinguished a distinct audible spewing or hissing was heard coming from somewhere near the top of the gas drum, undoubtedly caused by escaping gas. At the time of the fire, there was situated in the garage, in addition to the gas drum in question, the kerosene stove, the kerosene can and a gasoline storage tank, the capacity of the can and gasoline storage tank not being revealed by the record, nor their condition before or after the fire. In addition, a small pan containing from one-half to two and one-half or three gallons of gasoline for cleaning tools was kept in the garage.

The description of the acetylene gas drum is very meager, except that it has at least one opening valve which is apparently attached to the hose for use. It also has four pop-off valves which are described as plugs, made of very soft lead, which are designed to melt with very slight heat to let the gas escape in case of fire and thus prevent explosion. The size of the pop-off valves is not shown. The evidence reveals that the drum was blackened and burned in the fire. Although it was spewing gas after the fire was extinguished, and although the drum was still in possession of plaintiff Reeh after the fire, no examination or inspection was made to determine how the gas was escaping and, particularly, whether or not it was due to some defect in the drum or its connections.

■ All parties are in agreement that this is a case based wholly on circumstantial evidence and the sole question is to determine the sufficiency of the evidence to assert a cause of action in Gillespie County as against the plea of privilege. The privilege to be sued in the county of one's residence is a valuable right. To deprive the defendant of the right of trial in the courts of his domicile the case against him must be brought within one of the exceptions found in the statute. Art. 1995, Vernon's Ann.Civ. Stats.; 43 Tex.Jur., § 8, p. 714.

The question is, Do these suits come within either Subdivision 4 or Subdivision 9a of Article 1995? In order to bring the case within Subdivision 4, a cause of action must be shown against the resident defendant, Fredericksburg Machine Shop, and that the non-resident defendant, Big Three Welding Equipment Company, is a proper party to that cause of action. The act of negligence alleged against the resident defendant is that it failed to inspect or test the drum, and that such failure was a proximate cause of the fire. This requires the further finding that the drum was in fact defective at the time it was delivered to plaintiff Alonzo Reeh.

In order to bring the case within Subdivision 9a, plaintiffs allege that defendant Big Three Welding Equipment Company was negligent in delivering a defective drum to defendant Fredericksburg Machine Shop, and that such negligence was a proximate cause of the fire. This would sustain venue, independent of any cause of action against the resident defendant.

The rule of res ipsa loquitur does not apply. In order to sustain venue in Gillespie County in this case, the plaintiffs must establish: First, That the fire resulted from the ignition of gas; Second, That this gas was acetylene, which had escaped from the drum in question; Third, That the Acetylene escaped from the drum as a result of some defect in the drum; Fourth, That this defect in the drum existed prior to the time plaintiff Reeh picked it up at the Fredericksburg Machine Shop; Fifth, That the Fredericksburg Machine Shop's failure to inspect or test the drum was negligence, and that this negligence was a proximate cause of the fire which resulted in plaintiffs' damage; Sixth, That the Big Three Welding Equipment Company delivered a defective drum to the Fredericksburg Machine Shop in Gillespie County, Texas, and that this negligence was a proximate cause of the fire and plaintiffs' resulting damage.

We agree with plaintiffs that a case can be proved by circumstantial evidence. We also agree with plaintiffs that in passing upon the evidence in this case we must give credit to all evidence that is in support of the judgment, and indulge every legitimate conclusion to be drawn therefrom and discard all adverse evidence. We have examined the record in the light of these rules and are unable to agree that the evidence is sufficient to justify the above mentioned conclusions of fact necessary to support the judgment.

To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing. At all events they must not be equally consistent with the nonexistence of the ultimate fact. Green v. Texas & P. R. Co., 125 Tex. 168, 81 S.W.2d 669; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Baker v. Loftin, Tex.Com.App., 222 S.W. 195; Eisenberg v. Great Atlantic & Pacific Tea Co., Tex.Civ.App., 169 S.W.2d 221; McCrory's Stores Corp. v. Murphy, Tex. Civ.App., 164 S.W.2d 735, writ refused; Texas Employers' Ins. Ass'n v. Mints, Tex. Civ.App., 10 S.W.2d 220; Stewart v. Miller, Tex.Civ.App., 271 S.W. 311, writ refused.

To complete the chain of causation in this case a series of inferences must be relied upon. In order to show that the fire was caused by any act of negligence of either defendant, the plaintiffs must rely on the fact that most of the fire in the building was at the top near the roof, and it must be inferred that at some time, in some way, gas leaked from the drum and rose to the top, although there is no evidence in the record that acetylene gas is lighter than air, and although there is no evidence that the gas could have leaked prior to the fire, except that one witness testified that he thought he smelled gas the evening before the fire. There is no evidence as to the con-

dition of the kerosene stove, the kerosene can or the gasoline tank after the fire, and notwithstanding the fact that although the acetylene tank or drum could have been examined after the fire to determine any faulty condition, plaintiffs did not make such examination, but elected to rely on conjecture or suspicion. It is obvious that if a drum of compressed gas was leaking to the extent that it made an audible spewing or hissing noise, even a casual examination would have revealed the exact hole from which the gas was escaping and whether or not it came from one of the pop-off plugs designed for the purpose, or was coming from some part of the drum or its connections, due to a negligent act or omission on the part of the defendants.

Plaintiffs rely on a series of inferences to show the condition of the drum when it left the possession of either defendant and went into the possession and control of plaintiff Alonzo Reeh, where it remained for two weeks in a place of business, with all of its valves and connections easily accessible to the public. We are impressed with the fact that two witnesses were called as experts, Mr. Richard Roeder and Mr. Floy Bode, Fire Chief and ex-Fire Chief, both of whom declined to give an opinion as to the cause of the fire.

There is no direct evidence whatever as to the condition of the drum, either at the time it was delivered to the Fredericksburg Machine Shop, or at the time it was picked up at that place by plaintiff Alonzo Reeh.

We have examined the statement of facts in the light most favorable to the judgment, indulged every reasonable inference to be drawn therefrom, and have reached the conclusion that venue cannot be sustain in Gillespie County. Accordingly, the judgment of the trial court is reversed and the cause remanded with instructions that both suits against Big Three Welding Equipment Company be transferred to the District Court of Harris County, Texas.