## Northern District

## No. 5198

### ELLA M. RUSSELL

### v.

### WALDORF SYSTEM, INC.

*Present*: *Eno, J., (Presiding), Brooks and Northrup, JJ.*

Case tried to CLARK, J., in the District Court of Somerville. No. 73949.

*Brooks, J.* This is an action of contract or tort in which plaintiff seeks damages for illness caused by *unwholesome food*. The declaration has three counts, two of which allege breach of warranty and the third alleges negligence. The answer pleads general denial and contributory negligence.

Defendant filed the following Requests for Rulings:

1. There is insufficient evidence to warrant a finding for the plaintiff.
2. The evidence does not warrant a finding for the plaintiff, as the cause of her illness has been left to conjecture.

3. The evidence does not warrant a finding that the defendant breached any warranty made to the plaintiff.

4. The evidence does not warrant a finding that the defendant was negligent.

# Plaintiff filed the following Requests for Rulings:

1. Upon all the evidence, there should be a finding for the plaintiff.

2. Upon all the law applicable in this action, there should be a finding for the plaintiff.

3. That the plaintiff has sustained the burden of proof by preponderance of the credible evidence; that, therefore, there should be a finding for the plaintiff.

4. That upon all the evidence, the plaintiff did everything that was required of her to be done under the terms of the agreement in question in this action; that the defendant did fail and neglect to do what was required of it to be done by the terms of said agreement; that, therefore, there should be a finding for the plaintiff.

5. That upon all the evidence, the plaintiff did enter the premises of the defendant as a business invitee; that the plaintiff did order or purchase certain food therein; that the plaintiff did pay for the same; that the said food was defective and/or not fit to be eaten; that the plaintiff was damaged thereby; that, therefore, there should be a finding for the plaintiff.

6. That, upon all the law applicable in this action, if the plaintiff did enter into the premises of the defendant, and did purchase therein certain food to be eaten by her; and if said food was not wholesome and was not fit for consumption; that there should be a finding for the plaintiff.

7. Upon all the law and all the evidence, the plaintiff was in the exercise of due care.

8. That the plaintiff is entitled to recover as damages all expenditures incurred by her for medical attention, any loss in earning capacity, and compensation for pain and suffering, which resulted from the consumption by her

of the food purchased by her from the defendant as alleged in her declaration.

The court warrantably made the following findings and rulings:

1. This is an action wherein the plaintiff seeks damages for illness resulting from an alleged sale of unwholesome food. The declaration has three counts, two for alleged breach of warranty and one of which alleges negligence only. The answer contains a general denial and a plea of contributory negligence.

2. On July 4, 1956, the plaintiff, a practical nurse, and two friends went to a restaurant of the defendant on Washington Street in Boston to have a meal together. The plaintiff and one of the friends obtained a tray of food from a self-service counter, each containing the same food, viz: Virginia ham, raisin sauce and mashed potato (or beans). The other friend had steak. When they started to eat, the plaintiff's friend, who had the same food as the plaintiff, swallowed some of her raisin sauce and then remarked 'I should not have ordered this.' Thereupon the plaintiff said words to the effect that she liked raisin sauce and took the rest of her friend's sauce. In about ten minutes the plaintiff's friend who had swallowed some of the sauce felt ill, and shortly thereafter the plaintiff also became ill, after eating part of the food so purchased. Both ladies went upstairs to the ladies' room and the plaintiff there vomited 4 or 5 times. Her friend vomited 2 or 3 times also. They then remained upstairs at a table for about an hour. While there, the plaintiff informed

the assistant manager of the restaurant that they had been ill and asked him to take their names and he did so. The plaintiff testified that the sauce tasted sour.

3. The plaintiff and her friends then left to go home, at about 5-5:30 p.m. That night the plaintiff felt ill, had a cold sweat, abdominal cramps, chills and weakness. The following day she was treated by her doctor, who prescribed castor oil and a powder to relieve pain in her stomach. She was in bed for two days and the following Saturday, she went to New York with her daughter, with her doctor's approval. While in New York she still felt some discomfort lasting 2 or 3 days. At the end of a week she was recovered.

4. On July 4, 1956, the plaintiff had had no nausea or ill effects from previously eaten food before going to the defendant's restaurant, and was in good health.

5. I find by way of conclusions from all the evidence that the food consumed by the plaintiff at the defendant's restaurant was unwholesome and unfit for consumption and was negligently prepared; and I find further that the plaintiff's illness was caused thereby. Precedurally the plaintiff is entitled to recover under any one of the three counts but is entitled to only one recovery, all counts being for the same cause of action. I find the defendant had due notice of the plaintiff's illness.

6. I assess the plaintiff's damages as follows: pain and suffering, $300.00; loss of earning capacity, $45.00; medical expenses, $13.00; in all $358.00.

"I dispose of the defendant's requests for rulings as follows:

1. Denied.
2. Denied.
3. Denied.
4. Denied.

"I grant the requests (8) filed by the plaintiff.

"When the case is ripe therefor judgment is to be entered for the plaintiff for $358 under the first count of her declaration."

The court denied all of defendant's requests and allowed all of plaintiff's requests. The issues before the court are the correctness of the two sets of rulings.

Defendant argues with respect to its first request that plaintiff failed to give proper notice under the sales act. G. L. c. 106, §38, reads:

> "In the absence of an express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

No particular form of notice is required so long as it is reasonably specific. *Nashua River Paper Co. v. Lindsay,* 249 Mass. 365; *Lieberman v. Gulliksen Mfg. Co.,* 332 Mass. 439, 442. Oral notice has been held to be sufficient.

*Guthrie v. Newberry Co.,* 297 Mass. 245; *Mead v. Coca-Cola Bottling Co.,* 329 Mass. 440, 444.

It is sufficient to say that defendant's manager in this case, having been informed immediately after the incident that two ladies had been made ill by eating a ham dinner, received a more precise notice than is usually given in such cases, in many of which, notice comes days after the incident and it is impossible to test the allegedly unwholesome food. There was no error in the denial of the first request.

There was no error in denying defendant's requests Nos. 2 and 3. While ten minutes is an extraordinarily short time for food poisoning to take effect, it is not for us to overrule *the doctor's testimony in a medical matter.* This is the sort of thing that is appropriately covered by a motion for a new trial where the judge may have his attention called to an allegedly erroneous finding of fact.

Furthermore, food poisoning need not necessarily be proved in these cases. A plaintiff may recover from discomfort resulting from tasting food or drink which, though not unwholesome per se, is repulsive in appearance and calculated to cause nausea, which in other words, turns the stomach. The classic example of this sort of thing is the old English case of the plaintiff who recovered in an action brought against the bottler of ale. After tasting some of the ale, plaintiff noticed a dead mouse in the bottle and became ill.

The coincidence of two persons almost immediately becoming ill after eating the same

type of food in the restaurant is sufficient basis for finding that the food was the cause of the illness. One does not have to eliminate all other possible causes of the ailment. *Johnson v. Kan'ovis,* 296 Mass. 373. Of course defendant is bound to serve wholesome food. Failure to do so is a breach of warranty. *London Clothes Ltd. v. Maryland Casualty Co.,* 318 Mass. 692, 697; *Casey v. Gallagher,* 326 Mass. 746. The judge's finding of fact that plaintiff was made ill by the unwholesome food will not be disturbed. *Barfield v. F. W. Woolworth Co.,* 329 Mass. 641.

Defendant's fourth request was waived.

Plaintiff's requests Nos. 1 and 2, calling for rulings that plaintiff was entitled to recover as a matter of law, could not have been granted. On the evidence the court could have found for the defendant, however, inasmuch as the court interpreted the evidence in favor of the plaintiff, which it had a right to do, the error is of no consequence.

*Report dismissed.*

Frank H. Dardino, for the plaintiff.
John N. Lanning, for the defendant.