CAMPBELL SOUP COMPANY, Inc.,
Appellant,

v.

John M. RYAN, Appellee.

No. 3674.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1959.

Worsham, Forsythe & Riley, William Woodburn, Dallas, for appellant.

Hughes, Donosky & McCracken, Dallas, for appellee.

WILSON, Justice.

The principal question in this non-jury case is whether plaintiff must show how he acquired a food product containing a foreign substance which injured him, in order to sustain his judgment for damages under the implied warranty theory.

Although plaintiff alleged he purchased a "T-V Chicken Dinner" which was manufactured and distributed by appellant, at a retail store in Dallas, his proof extended only to showing that he had first seen the food product when he "took it out of the refrigerator and put it in the oven to cook it." There is no evidence as to how he came to possess it.

Appellant does not challenge the trial court findings that appellant manufactured the food product involved, which is packaged, sealed and not subject to examination; that appellant "somehow enclosed within the sealed container of said dinner" a metal washer; that the dinner was prepared for consumption in accordance with directions on the package, and that plaintiff was injured by the washer.

Liability of manufacturer to consumer of defective food products does not rest in tort or contract in Texas, but upon a broad principle of public policy imposing an obligation in the nature of an implied warranty to protect public health. Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 829, 142 A.L.R. 1479. The principle is derived in part from the intention of the manufacturer that the products "shall pass from hand to hand until they are finally used by some remote consumer." The Supreme Court, in the Decker case, rejected the requirement of privity, and in justification of the imposition of the warranty, declared the rule that the implied warranty "runs with the article" is logical and sound. The rationale of the decision is that the manufacturer expects the "appearance of suitableness to continue with the product until someone is induced to consume it as food."

Under the court's findings, appellee was therefore not required to show how he acquired the product.

There is no evidence as to reasonableness of dental fees included in the judgment. The judgment is reduced in the amount allowed therefor, and one-fourth of costs on appeal are taxed against appellee. Other points are overruled. As so reformed, the judgment is affirmed.