Coven, J.
This is an action to recover for the defendants alleged negligence and breach of implied warranty in serving food which the plaintiff claims caused his salmonella poisoning. Summary judgment was entered for the defendant, and the plaintiff filed this Dist/Mun. Cts. R A. D. A., Rule 8A, expedited appeal.
The following facts are undisputed: The plaintiff had dinner at the defendant’s restaurant at 7:00 PM. on September 3,1999. His meal consisted of chicken tenders, rice and lemonade. The food did not smell or taste peculiar, and appeared to have been cooked properly. Almost immediately after consuming the meal, the plaintiff began to feel ill. Within an hour thereafter, he experienced “explosive diarrhea” and other symptoms of food poisoning. The plaintiff had eaten only a plain bagel and coffee for breakfast more than twelve hours earlier and had not had lunch. He did not feel ill prior to dining at the defendant's restaurant
For two days thereafter, the plaintiff consumed only crackers and fluids, but his symptoms continued unabated. On September 5,1999, the plaintiff sought treatment at Massachusetts General Hospital where medical tests confirmed that he was infected with salmonella bacteria.[1] The hospital records establish that the salmonella bacteria caused the plaintiff’s illness. However, there is nothing in the records to indicate that the defendant’s food was the source of the salmonella bacteria. There is also no evidence that any other patrons of the defendant’s restaurant suffered salmonella poisoning.
1. Summary judgment is properly granted where the moving party satisfies its burden of affirmatively demonstrating that there are no genuine issues of material fact for trial, and that the movant is entitled to judgment as a matter of law. Todd v. Commissioner of Correction, 54 Mass. App. Ct. 31, 39 (2002); Berg v. Goldwyn, 1995 Mass. App. Div. 120, 121. The moving party’s burden “may be discharged by showing that there is an absence of evidence to support the non-moving party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). Where, as in the instant case, there is a “complete failure of proof concerning an essential element” of the plaintiff’s case, summary judgment is properly entered in the defendants favor. Id. See generally O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000); Alba v. Sampson, 44 Mass. App. Ct. 311, 312 (1998).
2. The “essential element” of the plaintiffs case for which no evidence has been advanced is causation. It is agreed that the plaintiff fell ill and that his illness was caused by salmonella bacteria. To recover on his claims for negligence and breach of implied warranty, however, the plaintiff bore the additional burden of demonstrating that the probable cause of his salmonella poisoning was contaminated food he consumed at the defendants restaurant See generally Flynn v. Growers Outlet, Inc., 307 Mass. 373, 376 (1940).
There is no direct evidence that the defendants food was tested and found to contain salmonella bacteria In the absence of direct evidence, the court could have considered circumstantial evidence which permitted a reasonable inference that the food eaten by the plaintiff was contaminated. Expert opinion as to causation, proof that other patrons had contracted salmonella poisoning at the defendant’s restaurant, or evidence that the food had an abnormal or unwholesome *197 appearance, taste or odor all would have been probative. Johnson v. Kanavos, 296 Mass. 373, 375-376 (1937). See also Flynn v. Growers Outlet, Inc., supra (unwholesome appearance and color of sausage meat and expert testimony as to meat’s putrefaction); Schuler v. Union News Co., 295 Mass. 350 (1936) (“bad” taste of turkey and expert and medical opinion as to causation); McSweeney v. McDonald’s Corp., 1991 Mass. App. Div. 197 (“funny” taste of cheeseburgers and expert opinion as to causation). The undisputed facts in the summary judgment record before us indicate, however, that there was nothing abnormal about the taste, smell or appearance of the food eaten by the plaintiff nor was there any evidence that other people contracted salmonella poisoning at the defendant’s restaurant The plaintiff advanced no expert report, affidavit or testimony as to causation in opposition to the defendants summary judgment motion.
The plaintiff mistakenly construes Barfield v. F.W. Woolworth Co., 329 Mass. 641 (1953), as authority for a plaintiff’s right to recover for food poisoning solely upon circumstantial evidence of the onset of illness shortly after the consumption of food served or prepared by a defendant The Court noted in Barfield that “evidence that the food looked or smelt or tasted bad ... is not essential to recovery.” Id. at 642. However, there was additional evidence in Barfield upon which the court relied in affirming judgment for the plaintiff which is wholly missing in the instant case. Medical testimony was introduced to establish that the food poisoning was in fact caused by something eaten within three hours of the time the plaintiff became ill, which coincided with the time the plaintiff ate at the defendant’s restaurant Further, there was evidence that another individual became ill after eating the same food.
In this case, the plaintiff has offered no evidence other than his confirmed case of salmonella poisoning, the absence of any other food consumed within twelve hours of his meal at the defendants restaurant and the onset of symptoms immediately after that meal. In the absence of any proof that the incubation period for salmonella was consistent with the onset of the defendant’s symptoms immediately after eating at the defendants restaurant the plaintiffs evidence was insufficient as a matter of law to raise even a reasonable inference in his favor on the question of causation. See Monahan v. Economy Grocery Stores, Corp., 282 Mass. 548, 559-551 (1933); Gracey v. Waldorf System, Inc., 251 Mass. 76, 78-79 (1925).
Summary judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 In fact, the only reference to the plaintiffs meal at the defendanf s restaurant is a September 14, 1999 medical entry which states: “Patient developed explosive diarrhea approximately 10 days prior to this appointment after eating chicken at a local restaurant” At most, the statement indicates the undisputed sequence of events on September 3,1999. It is not a statement that plaintiffs illness was caused by contaminated food eaten at the defendants establishment.